■ RAYMOND TITSWORTH et al., Respondents, v JOHN MONDO, Appellant.—Motion to dismiss appeal denied. Order unanimously modified and, as modified, affirmed, with costs to appellant. Memorandum: Defendant, an attorney, has been sued in a malpractice action by former clients who allege that he was negligent in representing them in a personal injury action in demanding an insufficient amount of damages in the complaint. Plaintiffs claim that as a result they were forced to settle the action for less than the injuries warranted. In his opening at the jury trial defendant contended that he had been replaced as attorney for plaintiffs by Shields, that Shields made a motion to increase the *ad damnum* clause which was denied, and that Shields neglected to prosecute the appeal from the denial of the motion. After the openings, the court granted plaintiffs' motion to dismiss the defendant's affirmative defense that whatever damages the plaintiffs may have sustained "were caused in whole or in part, or were contributed to by the culpable conduct and want of care on the part of plaintiffs and/or their attorney, John Shields." The trial continued but was aborted when a mistrial was ordered. Because the parties were faced with a new trial the court's oral ruling on the motion to dismiss the affirmative defense was reduced to a formal order from which the defendant appeals. The order directs in part that "upon retrial * * * the Defendant, John Mondo, and his attorneys be and they are hereby prevented and precluded from offering into evidence or even commenting in court * * * upon the alleged negligence, malpractice or other conduct of attorney, John Shields." As a result of the court's order defendant is precluded from offering any evidence on the retrial pertaining to Shields' neglect in prosecuting the appeal from the denial of the motion to increase the *ad damnum.* We agree that the negligence, if any, of Shields cannot be imputed to plaintiffs as contributory negligence. The court's order, however, goes beyond such limited ruling and would deprive the defendant of an opportunity to show by way of defense that the plaintiffs' damages, if any, were not due to any omission on his part but were due in whole or in part to another factor, i.e., Shields' failure to prosecute the appeal. The plaintiffs' contention that the order is not appealable lacks merit. Although it was based on a ruling made in trial it has the effect of an order dismissing a defense and an order of preclusion before trial which will be binding on defendant on the expected retrial. Accordingly, all of the order except that part which strikes the affirmative defense of contributory negligence of plaintiffs based on the conduct of their attorney John Shields is reversed. (Appeal from order of Monroe Supreme Court —affirmative defense.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ. [95 Misc 2d 233.]