## (October 25, 1982)

■ PATRICK CICORELLI et al., Appellants-Respondents, v DONALD CAPOBI-ANCO, Respondent-Appellant. — Motion by appellants-respondents to modify the decision and order of this court, both dated August 2, 1982 (89 AD2d 842), which determined an appeal and cross appeal from a judgment of the Supreme Court, Nassau County, entered January 15, 1981. Motion granted to the extent that the decision and order are recalled and vacated and the following decision is substituted: In an action to recover damages for legal malpractice, plaintiffs appeal, and defendant cross-appeals, from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered January 15, 1981, which, upon a jury verdict, was in favor of plaintiffs in the principal amount of $111,083 (said amount reflecting a determination that plaintiffs were 35% negligent). Judgment modified, on the law, by vacating the finding that plaintiffs were 35% negligent and by increasing the principal sum awarded plaintiffs to $170,897, upon which sum they shall be entitled to interest from the date of the commencement of the action. As so modified, judgment affirmed, with costs to plaintiffs, and case remitted to Trial Term for entry of an appropriate amended judgment. The complaint in this action to recover for legal malpractice, alleges that defendant advised his clients, plaintiffs, that they had no further obligations under a conditional contract for the sale of real property when, in fact, they were bound to diligently apply for rezoning and to pay taxes on the property. Defendant raised the defense that his clients were sophisticated real estate dealers who should not have relied on his erroneous advice that making an application for rezoning would be a waste of money because it would be denied. Defendant also maintained that his clients should not have taken his failure to advise them to pay taxes and to cancel the contract by means of a formal letter to mean that they were not contractually obligated to do so. We are in agreement with Trial Term that, in an appropriate case, the negligence of a client is a defense which the jury is entitled to consider. However, the proof offered by defendant was insufficient to warrant submission of the issue to the jury. Although New York case law does not specifically deal with the issue of whether an attorney defending a malpractice suit can raise the negligence of his client as a defense, the courts of this State have recognized that both physicians and attorneys may plead subsequent negligence by other parties as a mitigating factor (see *Schauer v Joyce,* 54 NY2d 1; *Titsworth v Mondo,* 73 AD2d 1049; *Ferrara v Leventhal,* 56 AD2d 490; *Dunn v Catholic Med. Center of Brooklyn & Queens,* 55 AD2d 597). Moreover, courts in other jurisdictions have explicitly held that the contributory negligence of a client can constitute a defense in a legal malpractice action (see *Smiley v Manchester Ins. & Ind. Co. of St. Louis,* 71 Ill 2d 306; *Hansen v Wightman,* 14 Wash App 78; *Gustavson v*

*O'Brien,* 87 Wis 2d 193). The courts have found a client to be contributorily negligent, in view of his knowledge and sophistication, when the client is himself a skilled attorney who is fully advised of the issues involved and himself decides what course of action to take (see *Matter of Carr v Glover,* 70 Mo App 242) or when it is reasonable to expect a nonattorney client to understand the legal obligations or formalities that have to be fulfilled in connection with a particular transaction notwithstanding his attorney's erroneous advice or failure to advise (see *Theobald v Byers,* 193 Cal App 2d 147; *Corceller v Brooks,* 347 So 2d 274 [La]; *Feil v Wishek,* 193 NW2d 218 [ND]). In this instance, neither client was an attorney and, as defendant himself testified, neither was better qualified than he to legally terminate the contract. Although plaintiffs were experienced real estate dealers, they sought to have defendant represent them in this transaction because of his superior knowledge of the legal issues involved. In light of defendant's erroneous advice, it would be improper to hold plaintiffs responsible for failing to apply for rezoning and for failing to pay taxes on the property. We therefore vacate the jury's finding that plaintiffs were 35% responsible for their loss. Judgment should be entered for the full damages found by the jury. Interest should be awarded as of the date of commencement of the lawsuit (see *De Long Corp. v Morrison-Knudsen Co.,* 20 AD2d 104, affd 14 NY2d 346). Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.