OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an action for legal malpractice brought by the plaintiff Marks Polarized Corporation against its former general counsel, Solinger & Gordon, and its successor firms, and against its former patent counsel Anthony Handal and his firm. The defendants now move to dismiss for failure to state a cause of action. A separate motion and cross motion, related to discovery, is consolidated with these motions.
On a motion to dismiss, the court must accept the allegations of the complaint as true (Sanders v Winship, 57 NY2d 391). These allegations are extensive, but may be summarized as follows:
Plaintiff is a publicly traded corporation which, prior to February, 1983, was controlled by two brothers, Alvin and Mortimer Marks. These brothers had made certain patented inventions which were the basis of the company’s business. It is alleged that the brothers Marks perpetrated a series of frauds against the corporation, in which patents *267 already owned by the corporation were sold to it a second time, and in which the corporation was induced to issue stock improperly to the brothers Marks and their families.
In these transactions the defendants were retained by the plaintiff, and were supposed to represent its interests. Their liability is premised upon allegations that (1) they participated in or were actually responsible for the drafting of the agreements by which these frauds were carried out, without properly investigating the underlying circumstances; and (2) they issued certain opinion letters which supported and facilitated the fraudulent acts, again without properly investigating the relevant facts. It is alleged that a proper investigation would have revealed and prevented the frauds.
Thus, the defendants are charged with malpractice which did not directly harm the plaintiff, but which allowed others to cause harm which could have been prevented.
Legal malpractice, like other forms of professional malpractice, is a species of negligence. As such, its general elements are (1) negligence, (2) which is the proximate cause of (3) damages. (Mendoza v Schlossman, 87 AD2d 606.) The typical case of legal malpractice involves the negligent conduct of litigation, as a result of which a client loses a lawsuit he would otherwise have won. Cases involving the negligent giving of advice are not unknown, however. (See Cicorelli v Capobianco, 89 AD2d 842; Goldberg v Bosworth, 29 Misc 2d 1057.)
In such a case, the elements may be set forth as follows: (1) within the context of an attorney-client relationship, (2) the attorney negligently (3) gave improper advice, (4) which was a proximate cause of the client’s doing of things he would not otherwise have done, (5) resulting in harm and damage to the client. (Cf. McGregor v Wright, 117 Cal App 186, 193, with Ishmael v Millington, 241 Cal App 2d 520.)[1]
*268 Here, the most important area of dispute is over the test to be applied in determining causation. The defendants urge the court to adopt a “but for” test of causation: that is, that the defendants may not be held to be liable unless it is shown that the brothers Marks would have failed to perpetrate their frauds “but for” the negligence of the defendants in drafting the agreements and rendering formal opinion letters. This is a stringent test, and one which restricts the possibility of concurrent causes. However, the court need not decide whether to apply the “but for” test, since the complaint does not contain sufficient allegations of causation under any test.
Instead, the complaint, and the plaintiff’s affidavits (particularly those submitted on the discovery motion) state that the defendants “aided and abetted” the brothers Marks in the commission of their frauds. While “aiding and abetting” the crime of another may be sufficient to place accessorial liability on the aider and abettor in a criminal action (Penal Law, § 20.00)[2] it is not equivalent to the element of proximate cause in a malpractice action.[3]
In their original and supplemental memoranda of law,[4] counsel for the plaintiff address the element of causation, they implicitly adopt the “but for” test, and state that but for the negligent advice and opinions of the defendants, the Marks’ schemes would indeed have failed. At one point in the supplemental memorandum, counsel even identify a specific, crucial point where a proper opinion letter would have stopped at least part of the schemes: it is stated that “the evidence will establish that” the corporation’s register *269 and transfer agent would have refused to issue the stock which was the vehicle for the fraud, absent the defendants’ opinion letter. Unfortunately, such unsworn statements cannot remedy deficiencies in pleadings. The complaint itself is devoid of any such allegations of causation with regard to any of the acts of malfeasance alleged against any of the defendants.
The complaint must therefore be held not to state a cause of action and must be dismissed. The discovery motions thereby become moot, and are denied.

. McGregor and a later California case, Modica v Crist (129 Cal App 2d 144) posit reliance on the advice as an element of the tort. This rule is persuasively criticized in Ishmael (241 Cal App 2d 520, 529) on the grounds that the attorney’s negligent advice could be a concurrent proximate cause of the harm, along with other causative factors. In Ishmael, an attorney in a clear conflict of interest situation negligently failed to give any advice, instead of giving improper advice as is the case here, but the analysis is pertinent to both situations. The court omits the element of reliance and adopts the more general *268 element of proximate cause, on that basis.

. Even in a criminal case, "aiding and abetting” involves the element of scienter. The minimum level of scienter which will support criminal liability in this area is the actor’s belief that he is rendering aid to a person who intends to commit a crime (Penal Law, § 115.00). Here, the state of mind alleged against the defendants is one of negligent ignorance, which would not constitute sufficient scienter to allow either accessorial or facilitative criminal liability.

. All parties agree that this case involves malpractice and fraud, not violations of the securities laws. Therefore, cases such as Morgan v Prudential Group (81 FRD 418) which recognize attorney’s aiding and abetting liability in certain securities cases, must be distinguished.

. The court thanks all counsel for their supplemental memoranda of law, submitted in response to the court’s request. These were direct, clear and forthright, and greatly aided the court. The sole exception to this was so much of the otherwise excellent memorandum of counsel for the defendant Handal and his firm as set forth the text of Handal’s opinion letter. Since this was not part of the original record and the other parties had no opportunity to respond, the court did not consider the text of the letter.