**FEDERAL DEPOSIT INSURANCE CORPORATION, in its Corporate Capacity, as Successor in Interest to Home Savings & Loan Association, F.A., Plaintiff–Appellant,**

v.

**Donald P. FERGUSON, an Individual, JMS & Associates, Inc., an Oklahoma Corporation, Defendants–Appellees.**

No. 90–6195.

United States Court of Appeals, Tenth Circuit.

Aug. 8, 1991.

Publication Ordered, Dec. 8, 1992.

Robert D. McGillicuddy, Joan Parks Saunders, Dorothy L. Nichols, Ann B. Sobol, Ann S. Duross, and Joan E. Smiley, F.D.I.C., Washington, DC, for plaintiff-appellant.

Janet S. Legg and Murray E. Abowitz of Abowitz & Welch, Oklahoma City, OK, for defendants-appellees.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Plaintiff Federal Deposit Insurance Corporation (FDIC) appeals the jury verdict in favor of defendant Donald P. Ferguson in this diversity action for attorney malpractice. Ferguson formerly represented Home Savings and Loan Association (Home) in two loan closings.[1] The FDIC, as successor in interest to Home, alleged at trial that Ferguson was negligent in representing Home at the loan closings.[2] The jury returned a verdict finding that Home was seventy percent negligent, Ferguson was fifteen percent negligent, and JMS & Associates, Inc. (JMS), the closing agent, was fifteen percent negligent. Under Oklahoma comparative negligence law, Okla.Stat.Ann. tit. 23, § 13; *Bode v. Clark Equip. Co.,* 719 P.2d 824, 826 (Okla.1986), the FDIC recovered nothing. After the district court denied the FDIC's post-trial motions, it appealed.

The FDIC argues that (1) comparative and contributory negligence principles do not apply to legal malpractice claims; (2) an attorney should be allowed to assert the contributory negligence of his client only when the client's negligence prevents the attorney from performing his work; and (3) public policy considerations require that Ferguson be held responsible for his negligence notwithstanding any contributory negligence by Home.

I

The FDIC first argues that the district court erred in admitting evidence concerning the negligence of Home's employees. The FDIC also argues that contributory and comparative negligence principles do not apply because the FDIC's claims were based only on Ferguson's malpractice, and the FDIC did not seek recovery for pre-closing losses. It believes Ferguson's alleged malpractice and conflict of interest should not be shielded by any lack of diligence by Home's employees.

■ To prevail in an action for attorney negligence, a client must prove the existence of an attorney-client relationship, breach of duty by the attorney, facts constituting the alleged negligence, that the negligence was the proximate cause of the injury, and that but for the negligence the client would not have suffered damage. *Allred v. Rabon,* 572 P.2d 979, 981 (Okla.1977). Generally, the burden is met if the client proves the attorney failed to exercise the degree of care, skill, and diligence typically possessed and exercised by another attorney in a similar circumstance. *Frank v. Bloom,* 634 F.2d 1245, 1257 (10th Cir.1980); *Collins v. Wanner,* 382 P.2d 105, 108 (Okla.1963). For actionable negligence, however, the attorney must actually owe the client a duty. *Birchfield v. Harrod,* 640 P.2d 1003, 1005 (Okla.Ct.App.1982).

■ In a malpractice action brought by a client against his attorney sounding in negligence, contributory negligence is a proper defense. *Somma v. Gracey,* 15 Conn.App. 371, 544 A.2d 668, 671–72 (1988); *Cicorelli v. Capobianco,* 89 A.D.2d 842, 90 A.D.2d 524, 453 N.Y.S.2d 21, 22 (1982), *aff'd,* 59 N.Y.2d 626, 463 N.Y.S.2d 195, 449 N.E.2d 1273 (1983); *Hansen v. Wightman,* 14 Wash.App. 78, 538 P.2d 1238, 1245 (1975); *Feil v. Wishek,* 193 N.W.2d 218, 225–26 (N.D.1971); *Theobald v. Byers,* 193 Cal.App.2d 147, 13 Cal.Rptr. 864, 865–66 (1961); *see also Erwin v. Frazier,* 786 P.2d 61, 63–64 (Okla.1989) (in attorney malpractice action where summary judgment held inappropriate, and case remanded for trial, court indicated that contributory negli-

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**2.** The Federal Home Loan Bank Board appointed the Federal Savings and Loan Insurance Corporation as receiver for Home, causing it, in its corporate capacity, to succeed to Home's claim against Ferguson. After enactment of the Financial Institutions Reform, Recovery and Enforcement Act, the FDIC succeeded to Home's claim.

gence principles applied). In asserting this defense, the attorney has the burden to prove that his client was negligent in failing to act or disclose information to the attorney. *See Hansen*, 538 P.2d at 1245. The determination of contributory negligence is then a question of fact for the jury. Okla. Const. art. 23, § 6; Okla. Stat.Ann. tit. 23, § 12; *see Bishop's Restaurants, Inc. v. Whomble*, 355 P.2d 560, 563 (Okla.1960) (if there is sufficient evidence to require a jury instruction on contributory negligence, the jury verdict on the question is conclusive).

 The jury in this case found that Ferguson was fifteen percent and Home seventy percent at fault in connection with the losses suffered by Home. These findings are supported by the record. Evidence presented at trial supported Ferguson's argument that he was hired to draft closing documents and to file the appropriate papers after the closings, and that either JMS, as closing agent, or Home, through its employees, had the responsibility of obtaining the certificates of occupancy and ensuring that the projects were completed at the time of the closings. Ferguson, for his part, failed to check to determine if the certificates of occupancy were obtained. Ferguson, however, could reasonably rely on either his client or the closing agent to perform the functions they were to perform. *See Hansen*, 538 P.2d at 1245 (attorney need not investigate if responsibility assumed by client). Ferguson only had an obligation to provide those services for which he was hired. *See Somma v. Gracey*, 544 A.2d at 672. Because the record supports Ferguson's contention that he was not hired to act as the closing agent, the jury, properly instructed, could determine, as it did, that Ferguson was not solely responsible for the loss.

## II

 The FDIC argues that a client's contributory negligence should not be allowed as a defense by an attorney, unless such negligence prevents the attorney from performing his work. The FDIC presents no authority that this higher standard of care applies in suits between a client and his attorney, involving typical attorney-client relationships. Under the circumstances of this case, the higher standard does not apply. Ferguson had no responsibility to do what Home indicated it would do.

## III

The FDIC argues that public policy considerations require that Ferguson be held responsible for his negligence notwithstanding the negligence of others. The FDIC argues that Ferguson, as a director of Home, was required to exercise diligence and supervision in maintaining supervision and control of Home and as such should not escape liability.

 The issue of director liability was neither raised nor instructed on below and the district court and jury never addressed the issue. In most cases, this would preclude appellate review. *See Petrini v. Howard*, 918 F.2d 1482, 1483 n. 4 (10th Cir.1990) (federal courts will not review a judgment on the basis of an issue not presented below). Courts may consider an issue first raised on appeal, however, if it is a purely legal issue central to the case, such that there need be no further development of the facts, and it is important to the public interest. *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360–61 (11th Cir.1984); *Franki Found. Co. v. Alger–Rau & Assocs., Inc.*, 513 F.2d 581, 586 (3d Cir.1975); *Brennan v. Gilles & Cotting, Inc.*, 504 F.2d 1255, 1266 (4th Cir. 1974); *Green v. Brown*, 398 F.2d 1006, 1009 (2d Cir.1968).

 We decline to consider this newly raised issue. *See FDIC v. 232, Inc.*, 920 F.2d 815, 817 (11th Cir.1991) ("Whether to consider an argument first made on appeal ... is left primarily to the discretion of the appellate courts."). In part, the issue is a question of fact. *See Grubb v. FDIC*, 833 F.2d 222, 224 (10th Cir.1987) (court of appeals will not consider fact questions not first presented to fact finder). Furthermore, Home originally instituted this action when it was solvent, when the case was simply one between an attorney and his

client. The FDIC's stepping in after nearly three years of litigation, asserting the taxpayers' loss as guarantor of insured deposits, does not transfer the case into the realm of the public interest.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. JMS's motion to be dismissed as a party is GRANTED.[3]

**3.** In its brief, the FDIC states it is not "appealing the District Court's decision with respect to JMS." Appellant's Brief at 3 n. 2.