JEAN P. CLARK *vs.* HARVEY F. ROWE, JR., & another.[1]

Essex. September 3, 1998. - November 6, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Negligence,* Comparative, Contributory, Attorney at law, Standard of care. *Practice, Civil,* Failure to make objection. *Attorney at Law,* Malpractice, Negligence, Fiduciary duty. *Fiduciary. Bank.*

This court exercised its discretion to consider an issue of first impression, fully briefed and likely to arise in other cases, that was not properly preserved for appellate review. [340-341]

The comparative negligence statute, G. L. c. 231, § 85, by its own terms, does not apply to an action based on a claim of financial loss caused by a lawyer's negligence; however, public policy considerations preclude treating legal malpractice actions differently than medical malpractice actions, in which comparative fault principles may apply, and this court adopted the limitations of G. L. c. 231, § 85, as a common law rule applicable to legal malpractice claims. [343-345]

In a legal malpractice action, the judge correctly entered judgment in favor of the defendant notwithstanding the jury's special verdict in favor of the plaintiff, where the jury found that the defendant's negligence was thirty per cent and the plaintiff's seventy per cent. [345]

In a legal malpractice action, the plaintiff did not preserve for appellate review the propriety of the judge's dismissing, as duplicative, her claim of breach of fiduciary duty. [345]

At the trial of a negligence action, the plaintiff failed to demonstrate that the defendant banker had any fiduciary duty to the plaintiff in connection with a loan agreement, and the judge correctly directed a verdict in favor of the defendant. [346]

CIVIL ACTION commenced in the Superior Court Department on February 5, 1990.

The case was tried before *Barbara J. Rouse,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Lawrence D. Shubow (David L. Kelston* with him) for the plaintiff.

*Allen N. David (Moujan M. Walkow* with him) for Harvey F. Rowe, Jr.

[1]Shawn Potter.

*William F. Looney, Jr.,* for Shawn Potter.

WILKINS, C.J. The plaintiff sustained losses in real estate investments that she attributed to the fault of the defendant Harvey Rowe, who was her lawyer, and to the fault of the defendant Shawn Potter, who was her banker.

After a trial of her various claims, judgment was entered for each defendant. The trial judge directed a verdict for Potter. In a special verdict, the jury decided certain claims in favor of Rowe, but also answered that Rowe, as lawyer for the plaintiff, was negligent in representing her in connection with the refinancing of a loan secured by property in Haverhill. That negligence, the jury found, was a substantial contributing cause of certain of the plaintiff's substantial losses. The jury also found, however, that the plaintiff was negligent in connection with that refinancing and that seventy per cent of all the negligence was hers and thirty per cent was Rowe's. The judge ordered the entry of judgment for Rowe, applying principles of comparative negligence to deny the plaintiff recovery for Rowe's malpractice in the refinancing of the Haverhill property. The plaintiff's principal contention in her appeal, which we transferred here on our own motion, is that comparative fault is inapplicable to her claim against Rowe. We affirm the judgments for Rowe and Potter.

1. We turn first to the question of the appropriateness of the entry of judgment in favor of Rowe notwithstanding the jury's special verdict in favor of the plaintiff. In her appeal, the plaintiff does not argue, as she did below, that the evidence was insufficient to submit the question of her contributory fault to the jury. There was evidence that she had substantial experience in real estate matters and was a sophisticated business person.

In her challenge to the judge's application of comparative fault principles to her claim against Rowe, the plaintiff runs into an insurmountable barrier. She did not preserve the issue for appellate review. The plaintiff did not object appropriately to the judge's jury instruction on the application of comparative negligence in this case. Counsel only objected to "all instructions on contributory negligence on the basis of our claim that there is insufficient evidence that Mrs. Clark was negligent." There was no objection to the jury instruction insofar as it announced that the plaintiff's fault was an element to be considered.

"No party may assign as error the giving or the failure to

give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Mass. R. Civ. P. 51 (b), 365 Mass. 816 (1974). The plaintiff did not present an appropriate objection to the comparative negligence instruction. See *Lysak* v. *Seiler Corp.*, 415 Mass. 625, 629-630 (1993); *Coupounas* v. *Madden*, 401 Mass. 125, 130 (1987); *Simmons* v. *Yurchak*, 28 Mass. App. Ct. 371, 379 (1990).

The plaintiff moved to expand the record to include her counsels' recollections of an unrecorded charge conference. See Mass. R. A. P. 8 (e), as amended, 378 Mass. 932 (1979). The trial judge denied the motion. If we were to consider the plaintiff's proffer, it would not support the conclusion that the purpose of rule 51 (b), to put the judge on notice of the objection, was fairly met or that the objection was conclusively rejected in the charge conference. See *Flood* v. *Southland Corp.*, 416 Mass. 62, 67 (1993).

2. Although the issue was not preserved for appellate review, the question whether comparative fault can properly be considered in a malpractice action against a lawyer is unanswered in this Commonwealth.[2] The issue is fully briefed and likely to arise in other cases. We choose in our discretion to discuss the issue. Moreover, the question of comparative fault comes up in dealing with the judge's ruling against the plaintiff on her G. L. c. 93A claim against Rowe, a matter we discuss briefly later in this opinion. See note 6, *infra*.

The fact that a malpractice claim against a lawyer may be viewed as an action in contract does not make contributory fault automatically irrelevant. The standard of care normally applied is whether the lawyer failed to exercise reasonable care and skill in handling the client's matter, a classical tort negligence standard. See *Ryan* v. *Ryan*, 419 Mass. 86, 89 (1994); *Colucci* v. *Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C.*, 25 Mass. App. Ct. 107, 111 (1987). A malpractice claim does not sound exclusively in either contract or tort. See *McStowe* v. *Bornstein*, 377 Mass. 804, 807-808 (1979); *Hendrickson* v. *Sears*, 365 Mass. 83, 85 (1974); 1 R. Mallen & J. Smith, Legal Malpractice § 8.12, at 601-602 (4th ed. 1996); W.L. Prosser & W.P. Keeton, Torts § 92, at 660-661 (5th ed. 1984). A lawyer's

---

[2]The opinion in *Salisbury* v. *Gourgas*, 10 Met. 442, 443 (1845), sets forth facts that might have constituted a client's contributory fault, but the court does not discuss, much less decide, the significance of contributory fault.

negligence may constitute a violation of an implied condition of the contractual relationship between lawyer and client but that does not foreclose the application of contributory fault principles to the client's claim.

To further her claim that legal malpractice should only be viewed as an action in contract, thereby rendering the application of comparative negligence irrelevant, the plaintiff argues that the economic loss rule precludes viewing malpractice as a tort. We have not applied the economic loss rule to claims of negligence by a fiduciary, such as a lawyer. The rule, which precludes recovery in negligence for purely economic loss, has been applied in very different circumstances. See *FMR Corp.* v. *Boston Edison Co.*, 415 Mass. 393, 395 (1993) (no recovery in tort for purely economic losses in the absence of harm to plaintiff's person or property); *Bay State-Spray & Provincetown S.S., Inc.* v. *Caterpillar Tractor Co.*, 404 Mass. 103, 107 (1989) (no recovery in tort for losses caused by engine malfunction); *Stop & Shop Cos.* v. *Fisher*, 387 Mass. 889, 893 (1983) (no recovery for loss of business revenue caused by defendant's negligent collision with bridge causing obstruction of access to plaintiff's business); *New England Power Co.* v. *Riley Stoker Corp.*, 20 Mass. App. Ct. 25, 35 (1985); *Marcil* v. *John Deere Indus. Equip. Co.*, 9 Mass. App. Ct. 625, 631 (1980). When the economic loss rule has been applied, the parties usually were in a position to bargain freely concerning the allocation of risk, and, more importantly, there was no fiduciary relationship. See *Berman* v. *Coakley*, 243 Mass. 348, 354-355 (1923) ("The attorney and client do not deal with each other at arms' length. The client often is in many respects powerless to resist the influence of his attorney"); R. Anderson & W. Steele, Jr., Fiduciary Duty, Tort and Contract: A Primer on the Legal Malpractice Puzzle, 47 S.M.U. L. Rev. 235, 242 (1994) ("[I]n the eyes of the law, fiduciary relationships are never arms length"). The general rule in this country is that the economic loss rule is inapplicable to claims of legal malpractice. See *Collins* v. *Reynard*, 154 Ill. 2d 48, 50 (1992); *Id.* at 56 (Miller, C.J., concurring); *Resolution Trust Corp.* v. *Holland & Knight*, 832 F. Supp. 1528, 1532 (S.D. Fla. 1993) (Florida law). Cf. *People Express Airlines, Inc.* v. *Consolidated Rail Corp.*, 100 N.J. 246, 263 (1985) ("a defendant owes a duty of care to take reasonable measures to avoid the risk of causing economic damages, aside from physical injury, to particular plaintiffs or plaintiffs

comprising an identifiable class [who] defendant knows or has reason to know are likely to suffer such damages from its conduct. A defendant failing to adhere to this duty of care may be found liable for such economic damages proximately caused by its breach of duty").

The plaintiff makes a persuasive argument that our comparative negligence statute does not apply to an action based on a claim of financial loss caused by a lawyer's negligence. That statute, G. L. c. 231, § 85, which is set forth in part in the margin,[3] concerns recovery of damages for negligence "resulting in death or in injury to person or property." The quoted language is a limitation on the word "damages." If the injury to "property" included economic loss, little would be left of the limitation in § 85 that concerns property. Moreover, cases have suggested that pecuniary loss is not injury or damage to property. See *Rockwell* v. *Furness*, 215 Mass. 557, 558 (1913); *Dhanda* v. *Tri M, Ltd.*, 24 Mass. App. Ct. 700, 703 (1987) ("[t]hat language [in § 85] suggests physical harm, rather than economic loss from negligent misrepresentation").

The inapplicability of § 85 to claims of legal malpractice does not dispose of the matter. The question remains whether we would apply the public policy considerations underlying § 85 to support a common law rule of comparative negligence in a case such as this. See Uniform Comparative Fault Act, 12 U.L.A. § 1 comment (Master ed. 1996) ("failure to include these [economic loss] harms specifically in the Act is not intended to preclude application of the general principle to them if a court determines that the common law of the state would make the application"). Many courts in jurisdictions having a comparative negligence statute similar to ours ("damages . . . resulting in . . . injury to . . . property") have, expressly or implicitly, without even referring to the statute, recognized that contributory fault properly may apply in a malpractice action

---

[3]General Laws c. 231, § 85, as relevant here, states: "Contributory negligence shall not bar recovery in any action by any person or legal representative to recover damages for negligence *resulting in death or in injury to person or property*, if such negligence was not greater than the total amount of negligence attributable to the person or persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made" (emphasis supplied).

against a lawyer.[4] We recognize the doctrine of comparative negligence in medical malpractice actions (see *Harlow* v. *Chin,* 405 Mass. 697, 706-708 [1989]), and there is no reason not to do so in legal malpractice actions. See *Theobald* v. *Byers,* 193 Cal. App. 2d 147, 150 (1961) ("Doctors and dentists are held to this higher standard of care and their services can also be said to be of a fiduciary and confidential nature. Hence it would seem clear that similar rules of law would be applicable to all three professions"); *Lyle, Siegel, Croshaw & Beale, P.C.* v. *Tidewater Capital Corp.,* 249 Va. 426, 432 (1995) ("With respect to contributory negligence, we discern no logical reason for treating differently legal malpractice and medical malpractice actions."); *Cicorelli* v. *Capobianco,* 90 A.D.2d 524, 524 (N.Y. 1982), aff'd, 59 N.Y.2d 626 (1983) ("[T]he courts of this State have recognized that both physicians and attorneys may plead subsequent negligence by other parties as a mitigating factor"). Cf. *Somma* v. *Gracey,* 15 Conn. App. 371, 378 (1988) ("[w]e see no basis for distinguishing between actions for legal malpractice and other claims sounding in negligence");

---

[4]Statutes using similar language to that appearing in G. L. c. 231, § 85, include Colo. Rev. Stat. § 13-21-111(1) (1997); Conn. Gen. Stat. § 52-572h(b) (1997); 735 Ill. Comp. Stat. § 5/2-1116(a) (West 1996); Ind. Code Ann. §§ 34-4-33-1(a), 34-4-33-4 (Michie 1986 & Supp. 1997); Minn. Stat. § 604.01 (1996); *Gustafson* v. *Benda,* 661 S.W.2d 11, 15-16 (Mo. 1983) (adopting the application of the doctrine set forth in Uniform Comparative Fault Act, §§ 1-6, 12 U.L.A. 35-45 [Supp. 1983], in Missouri); N.Y. C.P.L.R. § 1411 (McKinney 1997); N.D. Cent. Code Ann. § 32-03.2-02 (1996); Okla. Stat. tit. 23, § 13 (1991); Or. Rev. Stat. § 18.470(1) (1997); Wash. Rev. Code Ann. §§ 4.22.005 (West 1988); Wisc. Stat. Ann. § 895.045 (West 1997). Courts applying the law of these jurisdictions have said that comparative fault applies to claims of legal malpractice. See *Federal Deposit Ins. Corp.* v. *Ferguson,* 982 F.2d 404, 406-407 (10th Cir. 1991) (Oklahoma law); *Scognamillo* v. *Olsen,* 795 P.2d 1357, 1363 (Colo. Ct. App. 1990); *Somma* v. *Gracey,* 15 Conn. App. 371, 377-378 (1988); *Sutton* v. *Mytich,* 197 Ill. App. 3d 672, 678-679 (1990); *Hacker* v. *Holland,* 570 N.E.2d 951, 958-959 (Ind. Ct. App. 1991); *Bowen* v. *Arnold,* 380 N.W.2d 531, 536 (Minn. Ct. App. 1986); *London* v. *Weitzman,* 884 S.W.2d 674, 678 (Mo. Ct. App. 1994); *Cicorelli* v. *Capobianco,* 90 A.D.2d 524, 524-525 (N.Y. 1982), aff'd, 59 N.Y.2d 626 (1983); *Feil* v. *Wishek,* 193 N.W.2d 218, 225-226 (N.D. 1971); *Becker* v. *Port Dock Four, Inc.,* 90 Or. App. 384, 388-391 (1988); *Hansen* v. *Wightman,* 14 Wash. App. 78, 85-87 (1975); *Gustavson* v. *O'Brien,* 87 Wis. 2d 193, 207 (1979).

The case of *Jackson State Bank* v. *King,* 844 P.2d 1093 (Wyo. 1993), stands substantially alone in holding that a legal malpractice action is based on contract and hence contributory fault has no application to a client's negligence claim against a lawyer.

Restatement (Third) of the Law Governing Lawyers § 76 comment d (Tent. Draft No. 8, 1997).

Comparative fault appropriately applies to a client's claim of malpractice by a lawyer. See *Pinkham* v. *Burgess*, 933 F.2d 1066, 1073 (1st Cir. 1991) ("[a]ll of the courts that have considered the issue have held that the defense of contributory negligence applies in legal malpractice actions, despite the fiduciary nature of the attorney-client relationship"). The limitations on recovery stated in G. L. c. 231, § 85, appropriately guide us to adopt them as a common law rule. Because the plaintiff's negligence exceeded that of the defendant Rowe, the judge was correct in entering judgment for Rowe on the count alleging malpractice.

3. The plaintiff challenges the judge's order dismissing her count alleging that Rowe violated his fiduciary duty as a lawyer. When the judge announced that, in her opinion, any breach of fiduciary duty would be duplicative of the malpractice claim and thus the breach of fiduciary duty count should be dismissed, counsel for the plaintiff did not object.[5] When the judge instructed the jury on contributory fault and sought a special verdict on contributory fault, the plaintiff did not object that contributory fault was inapplicable to that aspect of her claim that was founded on a non-negligent breach of fiduciary duty. The plaintiff simply did not preserve for appellate review the propriety of the dismissal of her breach of fiduciary duty claim.

We add that there are bases for the civil liability of a lawyer apart from a claim of malpractice. Intentional breaches of fiduciary duties, such as the misappropriation of funds, surely can be a basis for attorney liability. Breaches of client confidences, inappropriate conflicts of interest, and the use of advantages arising out of the client-lawyer relationship may be intentional wrongs or may be negligent acts depending on the circumstances. If a breach of one of these fiduciary duties is a substantial cause of injury to the client, the lawyer could be liable to the client. We need not decide the extent to which, if at all, the client's negligence in particular circumstances would

---

[5]The plaintiff does not argue that the facts underlying her claim of breach of fiduciary duty differ from those on which her malpractice claim was based. The judge's jury instructions on the claim of Rowe's malpractice included a description of Rowe's ethical obligations concerning dual representation of clients and business dealings with clients.

reduce or eliminate the client's right to recover damages for the lawyer's breach of fiduciary duty.[6]

4. We come finally to the plaintiff's argument that the judge erred in directing verdicts for the defendant Potter. The plaintiff claimed that Potter, acting for the bank that refinanced the loan on the Haverhill property, violated his fiduciary duty to her and was negligent. She also claimed that she reasonably relied to her detriment on Potter to monitor and approve the distribution of loan funds as advances for construction on the Haverhill property. The judge directed verdicts for Potter, concluding that Potter did not owe the plaintiff any fiduciary duty or any duty to monitor disbursements from the loan account.

The evidence, taken most favorably to the plaintiff, fails to show, or to warrant an inference of, a fiduciary or special relationship between Potter, as agent for the lender, and the plaintiff, as borrower. See *Broomfield* v. *Kosow*, 349 Mass. 749, 755 (1965). Potter, as an agent of a disclosed principal, cannot be liable on the contractual theory of detrimental reliance. See *Loranger Constr. Corp.* v. *E.F. Hauserman Co.*, 376 Mass. 757, 761 (1978); *Porshin* v. *Snider*, 349 Mass. 653, 655 (1965).

As to the negligence count, Potter, as the lender's agent, owed no duty of care to the plaintiff borrower. See *Shawmut Bank, N.A.* v. *Wayman*, 34 Mass. App. Ct. 20, 24 (1993). Any duty of the lender under the loan agreement to monitor the account was for its benefit and was waivable by it. The loan agreement stated that "the Bank shall always have the right to make an advance . . . without satisfaction of each and every condition set forth herein upon the Bank's obligation to make an advance under this Agreement; and the Borrower agrees to accept any advance which the Bank may elect to make under this Agreement." See *In re Fordham*, 130 B.R. 632, 646 (Bankr. D. Mass. 1991).[7] The loan agreement, absent any claim of fraud, superseded any earlier understandings. See *Hogan* v. *Riemer*, 35 Mass. App. Ct. 360, 364 (1993).

*Judgments affirmed.*

---

[6]The plaintiff agrees that her challenge to the judge's conclusions rejecting the plaintiff's G. L. c. 93A claim against Rowe fails because we have concluded that her comparative fault should be considered in her negligence claim. The plaintiff advances no challenge to the judge's ruling in favor of Potter on her G. L. c. 93A claim.

[7]We pass by the question whether in a negligence action Potter could be liable for the plaintiff's economic loss.