Curran, Dennis J., J.
This matter is before me on the defendant East Cambridge Savings Bank’s motion to dismiss the verified complaint of Robert Purdy, d/b/a Purdy Construction.
These claims arise out of a dispute concerning payments owed by project owner Abir Investments, LLC to Purdy Construction. East Cambridge lent construction monies to Abir for the project. In this lawsuit, Purdy seeks to recover against the East Cambridge Savings Bank for monies distributed to Abir under the construction loan agreement because, Purdy states, Abir failed to pay him.
The complaint bears eight counts: negligence (count I), breach of fiduciary duty (count II), breach of contract (count III), negligent misrepresentation (count IV), unjust enrichment (countV) and violation of G.L.c. 93A (count VIII). Counts VI and VII seeks relief of an equitable lien and constructive trust, respectively. We address each count, seriatim, and in doing so, construe all facts and reasonable inferences in Purdy’s favor.
Count I (Negligence), Count.II (Breach of Fiduciary Duty), and Count III (Negligent Misrepresentation)
These counts must fail because there was no duty between Purdy Construction and East Cambridge.[1] The latter was simply a lender on the construction project; it owed no duty to Purdy, nor can Purdy plausibly claim that it did.
Moreover, East Cambridge held no fiduciary duty to Purdy. If we accept the line of cases detailed in the last several years that a lender ordinarily owes no duly of care or fiduciary duty to even a borrower,[2] then it flows, logically, that a lender owes no duty to a third party who is not even a party to the loan transaction, *509 and simply expects to be paid, down the line, from the loan proceeds.
Purdy claims that East Cambridge owed it a fiduciary duty simply because of its involvement as the lender and because of the retainage clause of the construction loan. But such provisions are a normal and ordinary part of these loans: they impose no special duty and between a bank and a contractor, not a party to the loan. Even assuming, as we must at this procedural stage, all alleged facts to be true, there is nothing in the complaint that imposed a duty, as a matter of law — either of care or a fiduciary nature — on East Cambridge. See Volpe Construction Co. v. First National Bank, 30 Mass.App.Ct. 249, 262 (1991).
Moreover, the terms of the loan agreement (referred to in the complaint, see paragraph 26 thereof, and thus, a matter for consideration) itself explicitly disclaimed any lender liability to third parties:
NEGATION OF THIRD PARTY RIGHTS. This Agreement shall not be construed to make Lender liable to . . . contractors . . . for goods and services delivered by them to or upon the Project or for debts or claims accruing to said parties against Borrower ... in connection with the Project, and it is specifically stated, understood and agreed that there is no contractual relation, either express or implied between Lender and any . . . contractors . . . supplying any work, labor or materials to the Premises of the Project.
See Construction Loan Agreement, paragraph 13.8, appended as Exhibit “A” to the defendant’s motion to dismiss.
Purdy claims to be a third-party beneficiary of the contract. But that cannot be the case. Where the contractual parties, East Cambridge and Abir Investments, LLC, have expressly and unambiguously intended to exclude third-party beneficiaries, that intent is controlling. Cumis Insurance Society v. BJ's Wholesale Club, 455 Mass. 458, 464 (2000). .
In sum, East Cambridge owed neither a duty of care nor a fiduciary duty to Purdy. Counts I, II and IV must, therefore, fail as a matter of law.
Breach of Contract (Count III)
Purdy is neither a party, nor a third-party beneficiary, to the construction loan agreement. Anon-party to a contract may bring suit only if it is an intended, rather than an incidental, beneficiary of that contact. Purdy does not qualify as the former. See Flattery v. Gregory, 397 Mass. 143, 148 (1986). Loan agreements do not confer third-party beneficiary status on persons simply because they expect to be paid from loan proceeds. Rousseau v. Diemer, 24 F.Sup. 137, 145 (D.Mass. 1998). Moreover, where the parties have expressly and unambiguously intended to exclude third-party beneficiaries (as clearly stated in East Cambridge-Abir construction loan agreement), that intent is controlling. Cumis at 464; Volpe at 256.
The construction loan agreement provides that East Cambridge will not be held liable to contractors because of claims they may have against Abir. That is precisely the case here.
Unjust Enrichment, Count V
East Cambridge did not unfairly accept or retain any benefit conferred by Purdy without payment for that benefit. There was nothing unjust about the bank’s disbursement of the loan proceeds under the terms of construction agreement, or otherwise. See Volpe Construction Co., Inc. at 262-63: “[i]t would be unreasonable to hold the lender liable on obligations incurred by the [borrower] over the amount of the loan extended to it by the [lender].” Id. at 262.
Count VIII (Consumer Protection)
Purdy fails to allege any facts demonstrating that East Cambridge engaged in unfair or deceptive acts or practices.. Its claims are that it was not paid and that the bank was negligent. It also claims that East Cambridge was negligent. Neither a garden variety breach of contract nor negligence allegations is the stuff of which a consumer protection violation can plausibly be made. See Duclersaint v. Federal National Mortgage Association, 427 Mass. 809, 814 (1998) (as to breach of contract), and Darviris v. Petros, 441 Mass. 274, 278 (2004) (as to negligence). Moreover, the consumer protection statute demands a higher level of deception that has been alleged by Purdy.
Curly Customs, Inc. v. Bank of Boston, N.A., 49 Mass.App.Ct. 197 (2000), is inapposite. There, the Appeals Court reversed the allowance of a summary judgment where both the owner and borrower defaulted on their obligations to the bank, and the bank assured the contractor that it would set aside funds from the loan until the property was completed and sold, at which time it would pay the contractor itself. None of these factual predicates exist here. Here, East Cambridge disbursed to Abir, who failed, in turn, to pay Purdy.
Counts VI (Equitable Lien) and Count VII (Construction Trust)
These counts seek remedies and are not causes of action. As such, they flow from other claims, but those claims having been addressed and dismissed, the remedies sought also fail.
SUMMARY
Most of Purdy’s claims rest upon its purported fiduciary duty with East Cambridge, where none exists. This was an arms’ length, ordinary commercial loan between East Cambridge and Abir Investments, LLC. That Abir chose not to pay Purdy is a matter of consequence between those two parties, and does not involve the bank, which simply disbursed the funds in accordance with the loan agreement. The bank had no duty to Purdy, and Purdy was not an intended beneficiary of its contract with Abir. Purdy was simply Abir’s creditor, and its recourse, as evidenced by *510 Purdy’s separate lawsuit against Abir, lies in that civil action, not here. No plausible claim for relief also exists under the consumer protection statute. Finally, the counts seeking an equitable lien and a construction trust must also fail because they are simply derivative of the Purdy’s substantive claims, which are being dismissed.
In short, Purdy has not alleged any set of facts to support a “plausible entitlement to relief,” as required by Iannacchino v. Ford Motor Company, 451 Mass. 623, 636 (2008).
ORDER
For these reasons, Purdy’s complaint alleges no valid cause of action and must be dismissed in its entirely. Its claims ought to be pursued in another forum, a reality it has implicitly understood, by having filed a separate lawsuit against the project'owner in Robert Purdy, d/b/a Purdy Construction v. Abir Investments, LLC, MICV 2011-2522.
Judgment shall enter forthwith for the defendant East Cambridge Savings Bank on all counts..

This analysis is likely implicitly embraced by Pürdy Construction because it has filed a separate lawsuit against the project owner, Abir Investments, LLC, in this same Court, MICV 2011-2522.

Clark v. Rowe, 428 Mass. 339, 346 (1998); Blais v. Warren Five Cents Savings Bank, 1993 Mass.App.Div. 213 (1993); Pimental v. Wachovia Mortgage Corporation, 411 F.Sup.2d 32, 39-40 (D.Mass. 2006); and Flaherty v. BayBank Merrimack Valley, N.A., 808 F.Sup. 55, 64-64 (D.Mass. 1992).