MULTI TECHNOLOGY, INC. *vs.* MITCHELL MANAGEMENT
SYSTEMS, INC.

No. 87-614.

Suffolk.   December 16, 1987. — January 29, 1988.

Present: SMITH, KAPLAN, & FINE, JJ.

*Practice, Civil,* Complaint. *Consumer Protection Act,* Businessman's claim,
Demand letter, Damages. *Damages,* Consumer protection case.

A complaint by a business establishment against a professional employment
agency alleging that negotiations between the parties had resulted in the
plaintiff's agreeing to provide the service of recruiting an employee for
the defendant in return for the defendant's paying a fee, that the defendant
subsequently employed a person recruited by the plaintiff, and that the
defendant failed to pay the agreed-upon fee was sufficient to state both
a claim for breach of contract and a violation of G.L. c. 93A, § 11.
[334-335]
In an action seeking damages for breach of contract and for an alleged
violation of G.L. c. 93A in which the defendant was defaulted for failing
to answer the plaintiff's complaint, the judge, in assessing damages,
was not limited strictly by the theory of damages incorporated in the
complaint, but was allowed to hear any evidence material and relevant
to the claims alleged. [335-336]
In a civil action, a claim under G.L. c. 93A, § 11, that did not expressly
allege that the defendant's violation of c. 93A was knowing or wilful,
but which in the prayer for relief on that count sought treble damages,
was sufficient to provide the defendant with fair notice that multiple
damages were sought, and therefore, the award of multiple damages
after the defendant's default was proper. [336-337]
In an action on a multiple-count complaint seeking damages for breach of
contract and for a violation of G.L. c. 93A, the proper measure of
damages for the c. 93A violation would be the loss causally connected
to those acts by the defendant which were found to be unfair and decep-
tive, in addition to any contract loss awarded on the count for breach
of contract. [337-338]

CIVIL ACTION commenced in the Boston Municipal Court
Department on May 22, 1986.

Upon transfer to the Superior Court Department, the case was heard by *Haskell C. Freedman*, J., sitting under statutory authority.

*Edward J. Collins* for the defendant.

*Bruce F. Smith* for the plaintiff.

FINE, J. The only issue in this appeal is whether the damages awarded the plaintiff under G. L. c. 93A after a hearing on assessment of damages were excessive. We think not.

The plaintiff filed a complaint in the Boston Municipal Court alleging that protracted negotiations between the plaintiff, a professional employment agency, and the defendant, a business establishment engaged in technical sales, resulted in the employment of one of the plaintiff's clients in the defendant's business and a promise by the defendant to pay the plaintiff a fee. There were three counts in the complaint, one seeking $6,850 for breach of the contract to pay the fee; one seeking $11,850 for the fair value of the plaintiff's services; and one, based upon an alleged violation of G. L. c. 93A, seeking actual damages of $6,850. Finally, the prayer for relief sought "actual damages, together with treble damages, interest, costs and attorneys' fees." The defendant, asserting that the plaintiff was claiming in the second and third counts of the complaint damages in excess of $15,000, had the case removed to the Superior Court for trial. The defendant failed to file an answer and was defaulted. A Superior Court judge held an evidentiary hearing to assess damages. He heard from various witnesses, including individuals associated with each of the parties and the senior-level salesman who had been placed by the plaintiff with the defendant and for whose placement the plaintiff was asking the defendant to pay a fee. The judge made findings, which the parties agree find support in the evidence, and awarded the plaintiff $13,750 (double the amount owed on the contract[1]), $5,793 in attorneys' fees, interest, and costs.

We first consider the defendant's contention that the award of damages was improper because the complaint was legally insufficient to allege a c. 93A violation. Upon default under

---

[1] The discrepancy of $50 has not been discussed by the parties.

Mass.R.Civ.P. 55(b), 365 Mass. 822 (1974), the factual allegations of a complaint are accepted as true for purposes of establishing liability; the question whether an adequate statement of a claim for relief has been made, however, remains open. See *Productora e Importadora de Papel, S.A. de C.V.* v. *Fleming,* 376 Mass. 826, 833-835 (1978). According to current rules of pleading, the question of a complaint's sufficiency turns on whether it provides enough information to give the defendant notice of what the dispute is about and asserts a right to recovery cognizable on some acceptable legal theory. Reporters' Notes to Mass.R.Civ.P. 8, Mass. Ann. Laws, Rules of Civil Procedure at 118 (1982). The complaint in this case contains a fairly detailed chronology of the negotiations leading to the agreement, the plaintiff's performance, and the defendant's failure to perform. Unquestionably the complaint adequately states a claim for breach of contract. The defendant disputes its sufficiency, however, to allege a violation of G. L. c. 93A, § 11. First, the defendant contends that the dispute arose in the context of a purely private employment relationship. The fact that the contract between the parties called for the plaintiff to provide the service of recruiting an employee for the defendant, however, did not convert the business relationship between the plaintiff and defendant into an employment relationship. Contrast *Manning* v. *Zuckerman,* 388 Mass. 8, 12-13 (1983). Nor is the c. 93A count in the complaint insufficient because of the plaintiff's failure to allege that the defendant sent a demand letter or that the dispute was one between persons engaged in trade or commerce. The business context of the dispute, a basis for liability under G. L. c. 93A, § 11, is clear from the facts alleged, see *American Mechanical Corp.* v. *Union Mach. Inc.,* 21 Mass. App. Ct. 97, 104 (1985), and § 11 does not make a demand letter a condition of recovery.

The defendant also contends that the award is unjustified because of the circumstance that the findings covered matters not specifically alleged in the complaint. That contention is also without merit. The judge properly held an evidentiary hearing to assess the damages. In reaching his conclusions, he

was allowed to hear any evidence material and relevant to the claims alleged in the complaint, see *Silkey* v. *New England Tel. & Tel. Co.*, 9 Mass. App. Ct. 816, 817 (1980), and he was not limited strictly by the theory of damages incorporated in the complaint, see *Plasko* v. *Orser*, 373 Mass. 40, 43-44 (1977).

The principal issue on appeal relates to the award of multiple damages.[2] The findings support a recovery of the amount owed on the contract, $6,850. The judge apparently viewed the contract damages as duplicative of the G. L. c. 93A actual damages, and consequently did not make a separate award on the contract theory.[3] The actual damages the judge found to have resulted from the G. L. c. 93A violation coincided with the amount owed on the contract, $6,850. He doubled that amount. To support the award of double damages under § 11 of G. L. c. 93A, the judge made findings that the violations were knowing and wilful. The following theories, supported by the evidence, are those upon which the findings of knowledge and wilfulness were based. To persuade the plaintiff substantially to reduce its standard fee, the defendant represented, falsely, that it was engaged in rapid growth and would use the plaintiff's services to hire three additional individuals for its sales staff in the short term. In addition, the defendant coerced the plaintiff, after receiving the plaintiff's services, into granting an extended payment schedule with which the defendant repeatedly failed to comply.

The problem raised by the award of multiple damages in this case is that the complaint does not expressly allege that the defendant's violation of G. L. c. 93A was knowing or wilful. Massachusetts Rule of Civil Procedure 54(c), 365 Mass. 821 (1974), is intended to allow a defendant to make a calculated decision, based upon the allegations in a complaint, to

---

[2] We choose to discuss the issue although, arguably, it was not adequately pinpointed in the trial court, and the reference to it in the defendant's brief hardly rises to the level of appellate argument.

[3] There was no evidence of the fair value of the plaintiff's services, and no damages were awarded, therefore, on the quantum meruit theory.

save time, money, and effort by avoiding litigation of liability issues and proceeding directly to assessment of damages. See Smith & Zobel, Rules Practice § 54.9 (1977). In fairness, therefore, damages of a particular nature may be assessed against a defendant in default only if the possibility of such an award has been brought to his attention by the complaint. Because of the severity of a multiple-damage award, one certainly should know before he defaults if he faces that risk. Compare *Cassano* v. *Gogos*, 20 Mass. App. Ct. 348, 351 (1985). For multiple damages to be awarded, therefore, a c. 93A complaint must allege that the violation was wilful or knowing unless there is something else in the complaint, beyond a mere recitation of facts supporting an inference only of a violation of G. L. c. 93A, which provides a defendant with fair notice of a multiple-damage claim. Compare *Atlantic Purchasers, Inc.* v. *Aircraft Sales, Inc.*, 705 F.2d 712, 717 (4th Cir.), cert. denied, 464 U.S. 848 (1983).

In this case we think the prayer for treble damages under the c. 93A count, if less satisfactory than a direct allegation, was a minimally adequate substitute for the use of the words "knowing" and "wilful". In context, the prayer could only have been based upon a claim of a knowing or wilful violation of c. 93A. That the complaint was effective in warning the defendant that the plaintiff was seeking multiple damages was revealed when the defendant based its request that the case be removed to the Superior Court on the fact that the plaintiff was seeking damages in excess of $15,000.

We mention a further point not addressed by the parties because it relates to the plaintiff's damages, and because the issue arises with some frequency in assessing c. 93A damages. The proper measure of damages for the c. 93A violation was not the contract loss, which could have been awarded on the first count for breach of contract. Instead, the proper measure was the loss causally connected to those acts which were found to be unfair and deceptive. See *Shapiro* v. *Public Serv. Mut. Ins. Co.*, 19 Mass. App. Ct. 648, 657 (1985). In this case, based upon the judge's findings, the appropriate measure of the c. 93A damages would have been the difference between

the plaintiff's standard fee and the reduced fee it was induced to charge based upon the defendant's misrepresentations. That amount, $5,000, should have been awarded to the plaintiff in addition to the contract loss. Since the total of the contract damages and double the amount of the c. 93A loss exceeds the total amount actually awarded, we view the award made as not being excessive. The plaintiff has not appealed and is thus not entitled to a larger award than it received.

The plaintiff is to have costs but not attorney's fees for the appeal.

*Judgment affirmed.*