Greco, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C appeal by the plaintiff of the amount of damages awarded to him after the entry of a default judgment against the defendant. The plaintiff contends that evidence presented by the defendant at the assessment hearing was inadmissible because its consideration was precluded by the default, and because it did not come within the business record exception to the hearsay rule. The plaintiff also argues that it was error for the trial court to fail to award multiple damages and attorney’s fees pursuant to G.Lc. 93A.
In separate paragraphs of his complaint, the plaintiff claimed that the defendant agreed “to sell on consignment copies of [his] book, Modern History of Transcau-casion Armenia;” that pursuant to the agreement, he shipped three hundred and twenty (320) copies of the book to the defendant; that the defendant was to sell the book for $22.90 per copy, fifty (50%) percent of which would be remitted to the plaintiff; and that the defendant had failed to account for the number of books sold and the location of those unsold. In the first count of the complaint, the plaintiff essentially sought an accounting of the books sold and the money due him. He stated therein that he could not “determine or ascertain the amount due to him from sales of his book, nor the value of the books, if any, which remain unsold and in the possession of the defendant” The remaining complaint counts sought damages for breach of contract, conversion, violation of G.Lx. 93A and tax related losses.
The defendant failed to answer the complaint and was defaulted. The plaintiff requested a hearing to assess damages. After an unsuccessful effort by the defendant to remove the default, an assessment hearing was held. The trial judge indicated that while the default “establish [ed] that there was a contract,” he would hear evidence about “the terms of the contract and how many books were actually received and how many books ought to be returned.” Based on the defendant’s evidence, the court found that the plaintiff had shipped only 198 books to the defendant, rather than the 320 alleged in the complaint, and that the defendant had sold only 20 copies. The court also found that the remaining 178 books had depreciated in value, and that the plaintiff’s own conduct had contributed to that depreciation. The court assessed damages in the total amount of $1,119.00, which consisted of the plaintiff’s 50% consignment fee for the 20 books sold, and an addi *270 tional sum ($890.00) for the depreciated value of the remaining books. Damages were assessed on only one count of the complaint. The court made no finding of a G.Lc. 93A violation, and thus the multiple damages and attorney’s fees sought by the plaintiff were not awarded.
1. It was appropriate for the trial court to hold a hearing to assess damages. This was not a case in which the plaintiffs claim was “For a sum certain or for a sum which [could] by computation be made certain” so as to allow damages to be calculated ministerially by the clerk. See Mass. R. Civ. R, Rule 55(b) (3). Consistent with the statement in his complaint that he could not determine or ascertain the amount due him from sales of the book or the value of any books unsold, the plaintiff requested the assessment hearing. See Rule 55(b) (4), which provides:
If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence, or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper....
While the plaintiff sought the assessment hearing, he now contends that the court was bound to find that he shipped 320 books to the defendant because that is what he alleged in his complaint and the defendant filed no responsive pleading challenging the number of books. Clearly, “[u]pon default..., the factual allegations of a complaint are accepted as true for purpose of establishing liability.” Multi Technology, Inc. v. Mitchell Mgm. Systems, Inc., 25 Mass. App. Ct. 333, 334-335 (1988), citing Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 834 (1978). In Productora, the Supreme Judicial Court elected to adopt the approach of the United States Fifth Circuit Court of Appeals that “a default merely establishes the truth of factual allegations and does not operate ‘as an absolute confession by the defendant of his liability and of the plaintiff’s right to recover.’” Id. at 834, quoting from Nishimatsu Constr. Co. v. Houston Nat’l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). See also, Nancy P. v. D'Amato, 401 Mass. 516, 519 (1988) (“[w]hen... a defendant is defaulted, well-pleaded facts are deemed to be admitted, but a plaintiff may recover only to the extent the complaint states a claim for relief.”). This general rule does not specifically address, however, the narrower question raised on this appeal as to whether such well-pleaded facts in a complaint are admitted only for the purpose of establishing liability, or for all purposes, including the assessment of damages.
The plaintiff’s claim that 320 books were shipped would appear to have been well-pleaded. See Becker v. Calnan, 313 Mass. 625, 627-628 (1943). See generally, Thomson v. Wooster, 114 U.S. 104 (1885); Souza v. Torphy, 336 Mass. 584, 585 (1958); Newton Constr. Co. v. West & South Water Supply Dist. of Acton, 326 Mass. 171, 175 (1950); North Station Wine Co. v. United Liquors, Ltd., 323 Mass. 48, 51 (1948). However, even assuming arguendo that the preclusive effect of this well-pleaded fact carried over to the assessment hearing, the trial judge did not err in admitting, and thereafter crediting, evidence that only 198 books were shipped. As noted, an assessment hearing was necessary in this case. In the course of that hearing, it was appropriate for the court to hear evidence on the number of books the defendant sold, and the number which remained. The defendant’s evidence that 20 books had been sold and 178 were left proved irreconcilable with the assertion in the complaint that 320 books had been shipped. Accordingly, in order for the trial court to determine the amount of damages and enter judgment, it became “necessary... to establish the truth of [the plaintiff’s] averment” as to the number of books shipped. See Rule 55(b) (4). Otherwise, the judge would have been forced either to disregard evidence which was properly before him and which he obviously found credible, or to make findings, explicitly or implicitly, as to the number *271 of books shipped, sold and remaining which were internally inconsistent.
2. The defendant’s default did not obligate the trial judge to find a violation of G.Lc. 93A As noted, while the factual allegations in a complaint are accepted as true to establish liability, it remains open to the court at an assessment hearing to determine “whether an adequate statement of a claim for relief has been made.” Multi Technology, Inc. v. Mitchell Mgm. Systems, Inc., supra at 335. The court “[is] not limited strictly by the theory of damages incorporated in the complaint.” Id. at 336. See also, Plasko v. Orser, 373 Mass. 40, 43-44 (1977). Thus, whether the defendant violated G.L.C. 93A was a question of law for the court to resolve based on the allegations in the complaint. Those allegations certainly did not compel such a conclusion. See Jensen v. Jordan, 1994 Mass. App. Div. 82, 83-84.
3. A record offered by the defendant to show how many books were shipped by the plaintiff was properly admitted into evidence at the assessment hearing. Manoog S. Young (‘Young”), chairman of the defendant’s board of directors, testified that when the defendant receives a shipment of books, its receiving clerk usually indicates on the accompanying shipping ticket whether the number of books received corresponds to the number stated on the ticket. Where no shipping ticket or invoice is received, the clerk prepares a “note” to Young, “saying, this is what we have.” In the case of the plaintiffs shipment of books, there was no accompanying shipping ticket or invoice, and the clerk prepared a note that 198 copies of the plaintiff’s book were received in September, 1992. Over the plaintiff’s objection, the trial court admitted the note as a business record pursuant to G.L.c. 233, §78.
To qualify as a business record under §78, a writing need not be “an entry in a book,” so long as it was “made as a memorandum or record of any act, transaction, occurrence or event.” The testimony at the assessment hearing would have permitted the trial court to find that the requirements of §78 were satisfied; namely, that the note was made in good faith, in the regular course of business, and before the beginning of this action. We assume, as we must, that the court so found. See Commonwealth v. Leonard, 352 Mass. 636, 644 (1967). It did not matter that Young was not the person who made the record, or that he did not have personal knowledge of the facts set out in the note. See Sawyer & Co. v. Southern Pacific Co., 354 Mass. 481, 483 (1968). Nor would the informal nature of the note preclude its admissibility. See Bodell v. Sawyer, 294 Mass. 534, 542 (1936) (“record slips” relating to stock transaction).
The trial courfs judgment is affirmed. The plaintiff’s appeal is dismissed.
So ordered.