Connolly, J.
On September 30, 1997, this court entered an order of default against the defendant Brigham & Women’s Hospital (“BWH”), pursuant to Mass.R.Civ.P. 37(b)(2)(C).[3] [7 Mass. L. Rptr. 473.) The default was entered as a sanction for BWH’s failure to comply with this court’s order to produce Dylan Keene’s medical records pertaining to the care and treatment he received at BWH during the eighteen to twenty hours following his birth. This court, as a further sanction, also struck BWH’s defense of charitable immunity. The defendants have now moved that *42 this court reconsider the order to the extent that it precludes them from raising a causation defense. For the reasons set forth below, the defendants’ motion is DENIED
BACKGROUND
The plaintiff, Dylan Keene, was bom at Brigham & Women’s Hospital on May 15, 1986. Soon after his birth, Dylan contracted meningitis which allegedly led to brain damage and severe developmental problems.
Dylan’s parents, Kathleen and Robert Keene, filed this lawsuit on his behalf on May 12, 1995, naming BWH, Harvard Community Health Plan, Dr. Roger Hinkson and Dr. Lesley Furlong as defendants.[4] The plaintiff later amended his complaint to add Dr. Cooley as a defendant. The amended complaint contains three causes of action: negligence/medical malpractice, breach of contract, and lack of informed consent.
During discovery, the plaintiff found that some of his hospital records were missing from his file. The records, pertaining to Dylan’s treatment during the eighteen to twenty hours following his birth, were cmcial to the plaintiff because without them he would not be able to prove BWH’s negligence. The hospital staff carried on several fruitless searches and were not able to locate the records.
On April 12, 1996, the plaintiff filed a motion for sanctions requesting that this court enter an order of default against the defendants and further requesting that this court strike the defendants’ charitable immunity defense. A hearing on the motion was held on May 3, 1996, and the plaintiffs’ motion was allowed by this court on September 30, 1997.[5]
On November 28, 1997, the defendants filed a motion for summary judgment asserting that the plaintiffs action was time-barred. Despite the entry of default issued, the court decided the motion on the merits because a defaulted defendant can escape liability by showing that a cause of action fails to state a claim for relief. On January 25, 1999, the court (Gants, J.) denied the motion.
DISCUSSION
The present motion requires that this court make a determination of the legal effect of the September 30, 1997, entry of default against the defendants. The defendants acknowledge that the entry of default establishes their duty of care to the plaintiff and the breach of that duty. However, they argue that the entry of default does not establish causation and that they are not precluded from raising causation as a defense. This court finds the defendants’ argument unpersuasive; the entry of default definitively established the defendants’ negligence and foreclosed their right to litigate liability.
A court has the power to enter an order of default against a party for the party’s failure to comply with a discovery order. See Mass.R.Civ.P. 37(b)(2)(C). Once a court enters a default, the factual allegations of a complaint are accepted as true for purposes of establishing liability. See Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 833-35 (1978). An entry of default establishes the liability of a defendant and may not be contested. See Plasko v. Orser, 373 Mass. 40, 43 (1977); see also National Grange Mutual Ins. Co. v. Walsh, 27 Mass.App.Ct. 155, 158, rev. denied, 405 Mass. 1202 (1989). However, a plaintiff may recover only if the complaint states a claim for relief. See Nancy P. v. D’Amato, 401 Mass. 516, 519 (1988), citing Productora e Importadora de Papel S.A. de C.V., supra at 834-35.
In Productora, the court discussed the scope of a default judgment and looked to Federal practice for guidance. The approaches followed by the Federal courts are set forth in Nishimatsu Constr. Co. v. Houston Nat’l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). and in TWA v. Hughes, 449 F.2d 51 (2d Cir. 1971). TWA stands for the proposition that “a default judgment establishes not only that the well pleaded, material facts alleged in the complaint are true but also that the alleged actions were illegal and caused injury.” Productora e Importadora de Papel, S.A. de C.V., supra at 834. Nishimatsu, on the other hand, held that “a default merely establishes the truth of factual allegations and does not operate ‘as an absolute confession by the defendant of his liability and of the plaintiffs right to recover.’ ” Id. The court in Productora followed the Nishimatsu approach and held that a defendant in default can escape liability by showing that the plaintiff failed to state a claim for relief.
This court’s September 30, 1997, entry of default established BWH’s negligence. See National Grange Mutual Ins. Co., supra at 158. The issue of causation, an element of negligence, has already been established and is no longer open to BWH.[6] Id. Further, the plaintiff may only recover if his amended complaint states a claim for relief. See Productora e Importadora de Papel S.A. de C.V., supra at 834-35. The plaintiffs amended complaint is sufficient if “it provides enough information to give the defendant notice of what the some acceptable legal theory.” Multi Technology, Inc. v. Mitchell Management Systems, Inc., 25 Mass.App.Ct. 333, 335 (1988). The plaintiffs amended complaint unquestionably satisfies this standard and is sufficient. Id.
ORDER
For the foregoing reasons, defendant BWH’s motion for reconsideration of this court’s Memorandum of Decision and Order dated September 30, 1997, to the extent the order precludes BWH from raising causation defense is DENIED.

 Mass.R.Civ.P. 37, entitled “Failure to make Discovery: Sanctions,” provides in relevant part:
*43 (b)Failure to Comply With Order.
(2)Sanctions by Court in Which Action Is Pending. If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders as are just, and among others the following:
(C) . . . or rendering a judgment by default against the disobedient party . . .

 In April 1996, the parties stipulated to the dismissal of Dr. Hinkson and Dr. Furlong.

 Although the entry of default issued, judgment has not yet entered because no hearing has been held on the assessment of damages in this case. See Mass.R.Civ.P. 55.

 Assuming, arguendo, that causation was not established by the entry of default, this court would reach the same result as the September 30, 1997, Memorandum of Decision and Order. The absence of the medical records is so prejudicial to the plaintiffs case that principles of fairness and equity mandate this outcome.