Agnes, Peter W., J.
This matter comes before the Court on defendant Baldarelli Brothers, Inc., and defendant Richard E. Baldarelli’s motions to dismiss a portion of plaintiff Evo L. Baldarelli’s complaint as moot and for summary judgment as to the remainder of the complaint.
The defendants move to dismiss requests for relief Nos. 1,2,3, and 4 of the plaintiffs complaint, which seek injunctive relief against the board of directors of Baldarelli Bros., Inc. Pursuant to an agreement between the parties, the defendants’ motion to dismiss is ALLOWED.
The defendants also move for summary judgment as to request for relief No. 5 of the plaintiffs complaint, which seeks unspecified damages, costs, attorneys fees, and other expenses. After consideration and for the reasons set forth below, the defendants’ motion for summary judgment as to the remainder of the complaint is ALLOWED.
BACKGROUND
Defendant Baldarelli Bros., Inc. (the “Company”) is a close corporation incorporated under the laws of the Commonwealth. The initial board of directors of the Company (the “Board”) comprised three brothers, Wallace E. Baldarelli, Sr. (nowdeceased), Evo L. Baldarelli (plaintiff by his co-guardians and executor), and Richard E. Baldarelli (co-defendant). Initially, each brother owned one-third of the Company’s stock.
On October 5, 1999, Evo Baldarelli suffered a stroke that left him disabled. Though the directors had the authorily under the Company’s by-laws to appoint a successor to the Board in case of death or disability, a replacement director was not appointed. Meanwhile, Richard and Wallace continued to run the Company until 2003, when Wallace died. Pursuant to a 1977 Agreement, when one brother died, his stock would be sold back to the Company at a price calculated by an agreed-upon formula. As a result, when Wallace died, Evo and Richard each became 50-percent shareholders, with Richard left as the sole acting director.
On June 23, 2003, Richard appointed his stepdaughter and stepson to fill the Board’s two vacancies. On November 25, 2003, an attorney representing Evo’s son, David Baldarelli, with respect to Evo’s interest in the Company, sent a letter to the Company requesting copies of meeting notices and minutes, as well as any shareholder agreements. The attorney also produced a power of attorney indicating that David was authorized to act on behalf of Evo. Richard questioned the validity of the authorization, which was executed after Evo’s stroke and after a temporary conservator had already been appointed on Evo’s behalf because he was judged incompetent to deal with his business affairs.
The dispute over David’s authority to act on Evo’s behalf resulted in a battle of letters between David’s attorney and Richard’s attorney, during which time the Company steadfastly refused to turn over corporate documents pending a duly authorized request. On December 22,2004, David’s attorney (by this time also representing Evo’s wife, Elizabeth), sent Richard’s attorney a Permanent Decree of Guardianship appointing Elizabeth and David as Evo’s co-guardians. On January 5, 2005, the Company released copies of board minutes, the 1977 shareholder agreement, and financial statements from 2003 and 2004. The Company initially withheld certain employee details and “back-up” data regarding the value of corporate equipment, claiming that the plaintiff shareholders were not entitled to the information and that its release was not in the Company’s best interests. Later, still maintaining that disclosure was not required, the Company in good faith released some of the information previously withheld.
On or around November 15, 2005, the Company held an annual shareholders meeting at which David Baldarelli sought election to the Board. He was denied election due to deadlock among the voting shares. Shortly thereafter, David and Elizabeth commenced this action against the Company on Evo’s behalf seeking injunctive relief against the Company’s directors, as well as unspecified damages for breach of fiduciary duty.
Evo died on August 15, 2007, and his shares were sold back to the Company pursuant to the 1977 Agreement. In January 2008, Evo’s son Douglas, as executor of Evo’s estate, filed a successful motion to replace Evo’s co-guardians as party plaintiff. Around the same time, Evo’s co-guardians, still acting on Evo’s behalf, filed a motion to compel further production of sixteen requested documents. This Court ordered the Company to produce one of the requested docu- *520 merits — its 2006 corporate tax return — which was subsequently produced.
Evo’s executor now agrees that the estate no longer has an interest in the Company or its Board, and that its claims for injunctive relief are moot. However, he seeks damages in the form of costs and counsel fees accrued in the pursuit of corporate documents.
DISCUSSION
1. Motion to Dismiss Prayers for Relief Nos. 1-4
The defendants move to dismiss requests for relief Nos. 1-4 of the plaintiffs complaint. Due to the resale of Evo Baldarelli’s shares to the Company — the propriety of which is not questioned here — his estate no longer has an interest in the constitution of the Company’s board of directors. Pursuant to an agreement between the parties, Prayers for Relief Nos. 1-4 of the plaintiffs complaint are hereby dismissed as moot.
2. Motion for Summary Judgment on Prayer for Relief No. 5
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis, 410 Mass. at 716. The court reviews the evidence in the light most favorable to the nonmoving party, but does not weigh evidence, assess credibility, or find facts. Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
The defendants move for summary judgment on the grounds that the plaintiff has no reasonable expectation of proving damages at trial. Notably, the plaintiff s complaint does not allege that Evo Baldarelli or his representatives suffered damages as a result of the Company’s reluctance to comply with information requests. Even if under liberal pleading rules, this Court accepts that the complaint conveys a colorable claim for legal fees,[3] Evo’s representatives cannot establish that they are entitled to such an award.
The plaintiffs present claim for relief is based on its interpretation of G.L.c. 156D, §16.01 et seq., which deals with a shareholder’s right to counsel fees for court-ordered inspection of corporate documents. In brief, Evo’s representatives argue that they are entitled to costs, including reasonable attorneys fees, incurred during their legal battle to compel inspection of the Company’s records. General Laws c. 156D, §16.04 authorizes legal fees only where a court orders inspection of corporate records pursuant to a shareholder’s proper request to inspect. G.L.c. 156D, §§16.04(c), 16.02(b)-(c). A shareholder may apply for court-ordered inspection only if he gives written notice of demand to the corporation and meets the additional requirements that “(1) his demand is made in good faith and for a proper purpose; (2) he describes with reasonable particularity his purpose and the records he desires to inspect; (3) the records are directly connected with his purpose; and (4) the corporation shall not have determined in good faith that disclosure of the records sought would adversely affect the corporation . . .” Id.
Viewing the facts in the light most favorable to the plaintiff, the only court order in this case that even arguably relates to G.L.c. 156D, §16, is the Court’s partial allowance of Plaintiffs Motion to Compel Production of Documents on February 1, 2008, directing that the Company turn over its 2006 corporate tax returns. Even assuming Evo’s estate qualifies as a “shareholder” under the statute following the sale of Evo’s shares to the Company, the Court’s partial allowance of the plaintiffs motion to compel was a response to a general discovery request, not a "court-ordered inspection.” See G.L.c. 156D, §§16.02(b), 16.04(c). Further, because Evo’s representatives did not state with reasonable particularity the purpose for each document request,[4] they failed to comply with an essential element of G.L.c. 156D, §16.02(c), and, thus, failed to meet a necessary condition of obtaining a court-ordered inspection. G.L.c. 156D, §16.04(b).
To the extent that the plaintiff encourages this court to exercise its equitable discretion in awarding counsel fees, this Court sees no reason to depart from the so-called “American rule,” which provides, in relevant part, “that litigants are required to bear their own litigation expenses ‘unless a statute permits awards of costs . . .’ ” Demoulas v. Demoulas, 432 Mass. 43, 64 (2000), quoting Waldman v. American Honda Motor Co., 413 Mass. 320, 322 (1992). Because the statute upon which the plaintiff relies is inapplicable, the American rule applies.
As the plaintiffs only remaining claim is rooted in a statute that offers no avenue for recoveiy at trial, there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ partial motion to dismiss and motion for summary judgment are ALLOWED.

General notice pleading does not require the claimant to state the specific legal theory on which the claim for recoveiy is based. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). However, the complaint must give enough information *521 about its underlying facts to “give the defendant notice of what the dispute is about.” Multi Technology, Inc. v. Mitchell Mgmt. Sys., Inc., 25 Mass.App.Ct. 333, 335 (1988).

The plaintiffs final request for financial information prior to filing its Motion to Compel Production was in the form of a May 22, 2007, letter from its attorney to the Company’s attorney stating simply that Evo’s successors were “entitled to a full accounting from the company, as well as any and all financial records.” Plaintiffs Statement of Additional Disputed Facts, Ex. Q.