Tucker, Richard T., J.
The plaintiff, New England Precision Grinding, Inc. (NEPG), and the defendant Simply Surgical, LLC (Simply Surgical) each seek judgment on its claim of violation of G.L.c. 93A made against the other. After the conclusion of the two-week jury trial, judgment entered in favor of Simply Surgical against NEPG on Simply Surgical’s claim of breach of implied covenant of good faith and fair dealing in the amount of one hundred and twenty-five thousand nine hundred ninety-seven dollars and eighty-four cents ($125,997.84). The jury rejected NEPG’s claim that Simply Surgical had breached its contract with NEPG. ISCON Surgicals, Ltd. (ISCON) received judgment against Simply Surgical upon its contract claim in the amount of eighty-four thousand five hundred ($84,500) dollars.
All claims presented at trial and these claims under c. 93A arise out of NEPG’s contracting to supply a *593 non-party, Kyphon, with medical device parts, stylets and nozzles, in six 25,000-piece lots. Although NEPG typically manufactures this type of product, it could not meet the “price points” set by Kyphon and therefore sought other sources. Simply Surgical, which is a one-person distributor or supplier of various products, contracted with NEPG to supply the stylets and nozzles in accordance with Kyphon’s specifications. Simply Surgical in turn, contracted with ISCON, a manufacturer located in India, to manufacture these parts as specified by Kyphon. When Kyphon began rejecting lots of parts for perceived non-compliance with the specifications, payments along the line of. Kyphon to NEPG, NEPG to Simply Surgical, and Simply Surgical to ISCON were delayed or halted. This litigation ensued.
At trial the court reserved rulings for itself on the c. 93A cross claims of NEPG and Simply Surgical. A hearing was held at which both parties’ claims were ably presented. After careful review of the memoranda of these parties, the evidence presented at trial and consideration of the verdicts of the juiy, I find and rule as follows.
1. NEPG’s c. 93A Claim
The court agrees with NEPG’s assertion in its memorandum that the court is not bound by the verdict of the jury and that the court may find violations of c. 93A despite the jury’s verdict against NEPG. The court also agrees that c. 93A violations may be found where a party uses breaches of contract in order to secure additional benefits, Anthony’s Pier Four, Inc. v. HBC Assoc., 411 Mass. 451, 474 (1991), Atkinson v. Rosenthal, 33 Mass.App.Ct. 219, 226 (1992), or where performance under a contract is withheld as a “wedge” to enhance a party’s bargaining power. Wang Labs, Inc. v. Business Incentives, Inc., 398 Mass. 854 (1986). Here, however, the “breach” by Simply Surgical was the withholding of future delivery of products to obtain payment for product previously delivered. At one point in the transactions between the parties Simply Surgical demanded essentially cash upon delivery and the prior inspection and acceptance of the goods by NEPG. This method did not resolve the impasse as disputes existed as to what was due and owing at the time. Under these circumstances and in light of the jury’s verdict that in fact Simply Surgical did not breach its contract with NEPG, I do not find Simply Surgical’s conduct descended to the level of an unfair or deceptive act or practice as required by c. 93A. Credit Data of Central Massachusetts, Inc. v. TRW, Inc., 37 Mass.App.Ct. 442, 448 (1994) (insufficient “rascality” on the part of defendant for recovery under c. 93A, §11); Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 504 (1979) (“objectionable conduct [under c. 93A, §11] must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce”).
2. Simply Surgical’s c. 93A Claim
The jury found that NEPG breached the implied covenant of good faith and fair dealing. Simply Surgical now moves that NEPG’s conduct be found by this court to be unfair or deceptive acts or practices in its conduct of business. This claim is based primarily on NEPG’s failure to pay for parts received in a timely manner. At its peak, in January 2006, the balance owed by NEPG to Simply Surgical was $163,331.08. Simply Surgical now alleges that NEPG’s motive in withholding payment was “to try to obtain concessions and force it to accept NEPG’s terms, including forcing it to rework parts NEPG already had accepted.”
Simply Surgical cites the decision of Multi Technology, Inc. v. Mitchell Management Systems, Inc., 25 Mass.App.Ct. 333 (1988), in support of this claim. This decision, however, does not deal with slow or non-payment being utilized in a coercive manner. Additionally it is procedurally distinguishable from the present matter in that in Multi Technology the case proceeded upon the defendant’s default and the only issue presented on appeal was “whether the damages awarded the plaintiff under G.L.c. 93A after a hearing on assessment of damages were excessive.” Id. at 334.
Certainly coercive conduct of various forms may be held to be unfair or deceptive. Here, however, the conduct of each party upon the non-payment for and return of goods deemed to be defective by Kyphon was the same — NEPG did not pay Simply Surgical, Simply Surgical did not pay ISCON. At trial the parties treated Kyphon’s actions as rightful rejections of the parts.[1] Being mindful of the jury verdicts that Simply Surgical breached its contract with ISCON in the same manner that NEPG breached with Simply Surgical, i.e. by non-payment for goods which in large part were rejected and not paid for by Kyphon, this court does not find that NEPG committed unfair or deceptive acts or practices as prohibited by G.L.c. 93A, §11.
ORDER
On the count seeking damages under G.L.c. 93A, § 11 by NEPG against Simply Surgical, I find for Simply Surgical. On the count seeking damages under G.L.c. 93A, §11 by Simply Surgical against NEPG, I find for NEPG. Judgment shall enter accordingly.

 Surprisngly, Kyphon was never brought into this action. The determination of whether Kyphon had effected a “rightful rejection” of goods, and whether the goods were “conforming to the contract” or nonconforming, as set forth in G.L.c. 106, §82-602 and G.L.c. 106, §2-106, respectively, was never put into issue.