*Vijai B. Pandey*, pro se.
*Frank P. Buendo, Jr*, for the defendants.

SHAWMUT BANK, N.A. *vs.* WILLIAM J. CHASE. DECEMBER 10, 1993. *Uniform Commercial Code*, Secured creditor, Sale of collateral. *Practice, Civil*, Damages.

We granted the plaintiff's application for further appellate review and shall not repeat the facts as delineated in the opinion of the Appeals Court. 34 Mass. App. Ct. 266 (1993). We agree with the reasoning and

---

[1]David G. Carlson and Carlson & Pudlo, P.C.

the result of the Appeals Court. We write only to speak to the application of the case of *Shawmut Worcester County Bank, N.A.* v. *Miller*, 398 Mass. 273 (1986).

Nothing in *Miller* precludes the adoption of the approach taken by the Appeals Court, i.e., where the creditor has failed to live up to the requirements of the Uniform Commercial Code (Code) in selling the debtor's assets, "a rebuttable presumption [arises] that the fair value of the collateral and the amount of the debt were the same," 34 Mass. App. Ct. at 271. The plaintiff creditor failed to give the required notice to the defendant guarantor of the time and place of the disposition of the collateral. See G. L. c. 106, § 9-504 (3) (1992 ed.). We have not had to face the question of a creditor's rights to damages when a creditor has violated a Code requirement as here. See *In re Replogle*, 929 F.2d 836, 839 (1st Cir. 1991).

The opinion of the Appeals Court in this case follows the teaching of *Miller* on the two principal issues (apart from summary judgment) decided there: (1) the guarantor has a right to challenge the commercial reasonableness of the disposition of the collateral by the secured party; and (2) in the circumstances, there can be no waiver of the commercial reasonableness defense. 34 Mass. App. Ct. at 269-271.

Accordingly, the judgment is vacated as to the amount of the damages and the case is remanded to the Superior Court for further proceedings on the assessment of damages consistent with this opinion.

*So ordered.*

*Charles E. Chase* for the defendant.
*Paul S. Samson* (*Isaac H. Peres* with him) for the plaintiff.