101 F.3d 106
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
FEDERAL FINANCIAL GROUP, INC., Plaintiff, Appellee,
v.
Charles E. SERRA, Jr., a/k/a Charles Serra, Jr., Defendant, Appellant.
 No. 96-1448.
 United States Court of Appeals, First Circuit.
 Nov. 15, 1996.
 
 Robert H. Greene for appellant.
 Carolyn McAboy with whom John A. Doonan and Doonan & Graves were on brief for appellee.
 Before BOUDIN, Circuit Judge, and BOWNES, Senior Circuit Judge, and SKINNER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Although the transactions underlying this appeal are complicated, the central events may be simply described. In 1985, defendant in the district court, Charles Serra, bought two trucks, borrowing the funds from the Bank of New England and using the trucks as collateral. In October 1986, in a transaction apparently conducted by Serra's agent, who managed the trucks, the notes were rolled over and new notes were issued with some changes in terms. There was a default on the notes. Serra now claims that the agent did not have authority to roll over the notes.
 
 
 2
 In the meantime, the trucks have been sold by the bank. The present suit by a successor to the bank's interest is for the deficiency. In the district court, the magistrate judge granted summary judgment for the plaintiff. On appeal, Serra claims that the action was time-barred, that he is not liable on the assertedly unauthorized new notes, and that the sale of the trucks was not commercially reasonable. Our review is de novo, and we draw factual inferences in Serra's favor. Grenier v. Vermont Log Bldgs., Inc., 96 F.3d 559, 562 (1st Cir.1996).
 
 
 3
 The statute of limitations claim is easily resolved. The four-year statute of limitations relied upon by the defendant does not apply to this promissory note secured by a chattel mortgage, because it is not a transaction in goods. See, e.g., Universal Underwriters Ins. Co. v. Ross, 1991 Mass.App. Div. 23, 25 (Mass.Dist.Ct.1991). As to whether the six-year or twenty-year statutory period applies, we need not decide the question because both cover the present claim. Either one was still running when the FDIC assumed receivership in January 1991, extending the limitations period by an additional six years pursuant to 12 U.S.C. § 1821(d)(14).
 
 
 4
 Turning to the validity of the new notes, Serra's denial of his agent's authority to make them rests in some measure on alleged unwritten limitations on the written power of attorney used by the agent, which was presumably made available to the bank at the time of refinancing. The district court magistrate disregarded these limitations, relying on D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942) and its statutory counterpart, 12 U.S.C. § 1823(e)(1).
 
 
 5
 We see no reason to pursue the interesting question of whether and how far D'Oench, Duhme applies to secret agreements that were not made with a bank but which may affect a document that the bank relied on. It is not at all clear that the power of attorney authorized the agent to execute both of the new notes. Thus, even if the written power of attorney were read literally, without giving any weight to the alleged unwritten limitations, it might not show that Serra's agent did have authority to roll over both notes.
 
 
 6
 However, we see no need to remand for further proceedings to determine the agent's actual authority or to consider claims of apparent authority or estoppel, both of which would require more factual development. If the notes were rolled over by mistake or without authority, it is nevertheless the case that Serra benefited directly because the cancellation of the old notes discharged his debt. To allow Serra to escape liability on the new notes would be a patent case of unjust enrichment.
 
 
 7
 This principle is established in Massachusetts, and its application to erroneous bank transactions is plain. See, e.g., FDIC v. Csongor, 464 N.E.2d 942, 945-46 (Mass.1984); National Shawmut Bank of Boston v. Fidelity Mutual Life Ins. Co., 61 N.E.2d 18, 22 (Mass.1945); see also Restatement of Restitution § 1 (1937). Unjust enrichment was pleaded in the complaint and nothing in the record suggests any possible answer to the claim. As the terms of the new notes are more favorable to Serra, their enforcement--rather than any effort to revive the original notes--works in Serra's favor.
 
 
 8
 Finally, it is true that deficiencies in notice required the plaintiff to show, pursuant to Shawmut Bank, N.A. v. Chase, 609 N.E.2d 479, 483 (Mass.App.Ct.), aff'd, 624 N.E.2d 541 (Mass.1993), that the professionally conducted auction at which the trucks were sold was commercially reasonable. But we agree with the appraisal of the magistrate judge in concluding that such a showing had been made. See Nadler v. Baybank Merrimack Valley, N.A., 733 F.2d 182, 183-84 (1st Cir.1984). Serra has been imaginatively defended but his liability is clear.
 
 
 9
 Affirmed.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation