JAMES R. MARSHALL *VS.* STRATUS PHARMACEUTICALS, INC.,
& others.[1]

No. 98-P-1508.

Middlesex. September 15, 2000. - May 25, 2001.

Present: LENK, DREBEN, & GILLERMAN, JJ.

*Practice, Civil,* Default, Complaint, Amendment, Answer. *Judgment,* Default.
*Contract,* Performance and breach, Damages, Misrepresentation. *Consumer
Protection Act,* Unfair or deceptive act, Attorney's fees, Damages. *Dam-
ages,* Attorney's fees, Interest.

At a hearing on assessment of damages for breach of a written agreement
after the defendants (a corporation and two individuals) were defaulted for
failing to answer the plaintiff's complaint, the plaintiff should not have
been permitted to introduce evidence that the individual defendants were
liable on an oral promise and he was not entitled under the complaint as
drafted to recover against the individual defendants, where the plaintiff's
complaint failed to give the defendants notice that there was a dispute
about matters outside the written agreement for which the plaintiff was
seeking compensation on a legitimate legal theory. [670-675]
Where an allegation in a complaint that the defendants (a corporation and two
individuals) never intended to pay for certain services stated sufficient facts
to constitute a claim for relief under G. L. c. 93A, and where the
defendants, by virtue of having been defaulted for failing to answer the
complaint, admitted the factual allegations for purposes of establishing li-
ability, the judge at a hearing on assessment of damages, who failed to
give advance notice to the parties that evidence would be taken on issues
of liability, erred with respect to all three defendants in ruling that the
plaintiff had failed to present sufficient evidence that the defendants'
conduct constituted an unfair or deceptive act in violation of G. L. c. 93A,
§ 11. [675-677]
Allegations in a complaint claiming entitlement, under an assignment from a
third party, to payment for the third party's services to the defendants,
were sufficient to give a corporate defendant, but not individual defendants,
enough information concerning the subject matter of the dispute and what
legal theory gave the plaintiff a right to recover; the judge, at a hearing on
assessment of damages, erred in concluding that the plaintiff was not
entitled to recover for amounts assigned to him by the third party, where
the plaintiff was not given advance notice that liability on this claim would
be open at the hearing; further, allegations of a claim by the plaintiff under
G. L. c. 93A were sufficient to give notice to the individual defendants and
to impose liability on all the defendants. [677-679]

[1]Keith Pyle and Albert Hoyo.

CIVIL ACTION commenced in the Superior Court Department on October 17, 1994.

Motions to dismiss and for reconsideration were heard by *Robert H. Bohn, Jr.*, J.; motions to remove defaults and for reconsideration of an order requiring posting of a bond and payment of costs were heard by *Herman J. Smith, Jr.*, J.; and entry of a judgment by default upon assessment of damages was ordered by *Barbara J. Rouse*, J.

*Ronald I. Bell* for the plaintiff.

*Kurt L. Binder* for the defendants.

DREBEN, J. The central issue in this appeal by the plaintiff is the extent to which issues remained open on a hearing to assess damages after a default had entered against the defendants under Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974), for failure timely to file their answers.

The gist of the plaintiff's complaint, filed in the Superior Court, was that the defendants, Stratus Pharmaceuticals, Inc. (Stratus), Albert Hoyo, and Keith Pyle, failed to pay for the plaintiff's services in breach of contract and that the defendants, having never intended to pay for all of such services, acted in violation of G. L. c. 93A. The plaintiff also claimed entitlement, under an assignment from one Ed Brody, to payment for the latter's services to the defendants. After the denial of the defendants' motions to dismiss the complaint for lack of personal jurisdiction under Mass.R.Civ.P. 12(b)(2), 365 Mass. 754 (1974) — the motion judge found that they had transacted business in Massachusetts — the defendants, two Florida residents and a Florida corporation, failed timely to file answers and were defaulted. A judge of the Superior Court held a hearing to assess damages, and, after making extensive findings and rulings of law in a thorough memorandum, entered "JUDGMENT BY DEFAULT UPON ASSESSMENT OF DAMAGES — Mass.R.Civ.P. 55(b)(2) AS AMENDED" of $51,280.21, plus interest, against Stratus and entered judgments for the individual defendants Pyle and Hoyo. At numerous times during the hearing the judge indicated, usually in response to the plaintiff's objection, that the only issues to be tried were those relating to damages.

The plaintiff urges numerous errors, primarily focusing on the

contention, both in his claim of erroneous rulings at trial and in the denial of his motion for a new trial, that the default entered on the allegations of his complaint precluded the defendants, including the individual defendants, from challenging liability.[2] He also claims that the amounts set forth in his invoices should not have been reduced, that interest should have been computed from the respective dates of such invoices, and that he should not have been ordered to return to Stratus the drugs, formulas, and laboratory reports that he had withheld from the company as security for payment of amounts owed.[3]

Although the defendants in their brief also claim numerous errors, including the ruling that there was personal jurisdiction over the defendants[4] and the conditioning of the removal of the default on the defendants' filing a bond, we do not consider these issues because the defendants, by failing to pay the docket fee, have not docketed their appeal in accordance with Mass.R.A.P. 10(a)(1), as amended, 378 Mass. 937 (1979). *Larabee* v. *Potvin Lumber Co.*, 390 Mass. 636, 639 (1983). See *Slaves of the Immaculate Heart of Mary of Saint Benedict Center, Inc.* v. *Dalton*, 397 Mass. 784, 787 (1986).[5] See also *M.L. Shalloo, Inc.* v. *Ricciardi & Sons Constr., Inc.*, 348 Mass. 682, 684 (1965). While the defendants may defend the judgment against any attack by the plaintiff, their failure to docket their appeal precludes them, in the absence of compelling circumstances, from obtaining a judgment more favorable to them than the judgment entered below. See *Boston Edison Co.* v. *Boston Redev. Authy.*, 374 Mass. 37, 43 & n.5 (1977). Compare *O'Connor* v.

---

[2]The record suggests that a judgment against Stratus may not be collectible.

[3]Stratus's answer, which was returned to it because it was defaulted, sought these items in a counterclaim alleging conversion.

[4]Were we to consider the claim, we would likely conclude that all the defendants had sufficient contacts with Massachusetts to uphold the finding of personal jurisdiction. See *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 5-6 (1979); *Sonesta Intl. Hotels Corp.* v. *Central Fla. Invs. Inc.*, 47 Mass. App. Ct. 154, 160-163 (1999).

[5]Our invariable practice is that unless each party intending to be an appellant or cross appellant pays the docket fee referred to in Mass.R.A.P. 10(a)(1), such person is not considered an appellant in the absence of a motion filed and allowed under Mass.R.A.P. 10(a)(3), as amended, 378 Mass. 937 (1979), prior to the appeal being heard or, if there is no hearing, prior to its being decided. See Mass.R.A.P. 10(c), as amended, 417 Mass. 1602 (1994).

*City Manager of Medford,* 7 Mass. App. Ct. 615, 618 (1979). There are no compelling circumstances here.

We therefore proceed to the plaintiff's claims, focusing on the allegations of the complaint, rather than on the findings of the judge, as the factual allegations determine the effect to be given the default on the issues of liability. See *Productora e Importadora de Papel, S.A. de C.V.* v. *Fleming,* 376 Mass. 826, 828, 834 (1978). The issue of damages, however, remains open after a default, *id.* at 837-844; *Bissanti Design/Build Group* v. *Mc-Clay,* 32 Mass. App. Ct. 469, 471 (1992), and on the questions relating to damages, the judge's findings, if not clearly erroneous, control.

The counts which bear scrutiny are (1) the count alleging breach of the defendants' contract with the plaintiff[6]; (2) the plaintiff's chapter 93A count; and (3) the counts brought by the plaintiff based on the assignment to him of Brody's rights (the count alleging breach of Brody's contract and the count alleging violation of c. 93A relating to Brody).

1. *Liability of individual defendants on contract count.* The plaintiff contends that given the defaults, "the factual allegations of [his] complaint regarding the services he had performed and for whom, must be accepted as true, and the liability of all Defendants, including Hoyo and Pyle, individually, under any and all of the . . . theories of liability must be taken as admitted." The plaintiff's contention is neither correct as to the law governing default nor as to the reasonable interpretation of his contract allegations.

As stated in *Multi Technology, Inc.* v. *Mitchell Mgmt. Sys., Inc.,* 25 Mass. App. Ct. 333, 334-335 (1988), citing *Productora e Importadora de Papel, S.A. de C.V.* v. *Fleming,* 376 Mass. at 833-835, "Upon default under Mass.R.Civ.P. 55(b), 365 Mass. 822 (1974), the factual allegations of a complaint are accepted

---

[6]Although the plaintiff asserted numerous other counts, among them quantum meruit and account annexed, they need not be considered. He is only entitled to one recovery for his services. See *Szalla* v. *Locke,* 421 Mass. 448, 454 (1995). Both the count alleging account annexed as to the plaintiff as well as the one as to Brody explicitly allege that they are dependent on the respective contract claims. If the plaintiff is entitled to recover on a contract, he cannot recover in quantum meruit. *Greene* v. *Boston Safe Deposit & Trust Co.,* 255 Mass. 519, 523 (1926). As to promissory estoppel see note 7, *infra.*

as true for purposes of establishing liability; the question whether an adequate statement of a claim for relief has been made, however, remains open. . . . [T]he question of a complaint's sufficiency turns on whether it provides enough information to give the defendant notice of what the dispute is about and asserts a right to recovery cognizable on some acceptable legal theory."

At the hearing on damages, the plaintiff claimed that the individual defendants were liable on an oral promise to provide services to them individually on two matters, a dispute they had with other stockholders of Stratus, and a pending case against the individual defendants in which they were sued by a former employer claiming, according to the plaintiff, fraud, copyright infringement, and misuse of property. A review of the contract count, discussed below, indicates that it refers to a written contract, and it does not expressly or by implication assert there was either a separate oral contract or that the kinds of services allegedly performed under that oral contract were within the description of the services covered by the contract described in the complaint.

The opening portions of the complaint entitled "Parties" and "Facts" describe the defendants: Stratus Pharmaceuticals, Inc., a Florida corporation; Keith Pyle, an individual with a residence in Florida, who, at all relevant times, was the president of Stratus; and Albert Hoyo, an individual with a business address in Florida, who, at all relevant times, was the vice president and treasurer of Stratus.

The following facts are alleged in the complaint:

> "On or about February 10, 1993, Plaintiff entered into an agreement with Stratus, Pyle, and Hoyo, (collectively 'Defendants'), whereby Defendants agreed to employ and pay Plaintiff for his services as an advisor and consultant to Defendants in, among other things, the commercial development of new drugs and device products; the planning and implementation of effective regulatory strategies for obtaining FDA approval; and the design and validation of manufacturing facilities. ('Agreement').
>
> "As part of that Agreement, Defendants agreed to pay

Plaintiff compensation at the rate of $1,000 per day, with a specified minimum number of days per year."

The complaint then asserts that from February 10, 1993, through February 18, 1994, the plaintiff "fulfilled all of his obligations as contemplated under said Agreement."

After incorporating the foregoing provisions of the complaint, the breach of contract count alleges that for services performed by the plaintiff pursuant to "the Agreement," he made demand for payments on various specified days resulting in a total indebtedness to him of $77,649.70, and that on certain specified dates the defendants made various payments to him leaving a balance owed to him of $56,813.80, which, despite repeated demands by plaintiff, the defendants still refuse to pay, "thereby breaching the Agreement." The plaintiff claims that he is entitled to attorney's fees and costs, and that, pursuant to G. L. c. 231, § 6C, and "the Agreement," interest is due from the specified dates of demand.

The parties had entered into a written agreement on February 10, 1993, and the complaint's reference to "the Agreement" manifestly refers to that document. Although the written agreement was not appended to the complaint, the plaintiff introduced it at the hearing on the assessment of damages, over the objection of counsel for the defendants; no opposition is voiced on appeal by the defendants to its introduction. In the circumstances we do not think it unfair to either the plaintiff or the defendants to treat the agreement in the same manner as if it had been appended to the complaint. Moreover, in determining the effect of a plaintiff's allegations, a court "should not be hamstrung simply because the plaintiff fails to append to the complaint the very document upon which by [his] own admission the allegations rest." *Beddall* v. *State Street Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998).

The agreement was signed as follows:

"For: Stratus Pharmaceuticals, Inc.

s/Keith Pyle

Title: President

Date: 2-10-93"

The signature makes clear that Pyle was contracting on behalf of Stratus. As pointed out in *Porshin* v. *Snider*, 349 Mass. 653, 655 (1965), quoting from Restatement (Second) of Agency § 320 and comment a (1958), "Unless otherwise agreed, a person making or purporting to make a contract for a disclosed principal does not become a party to the contract." See *Nishimatsu Constr. Co.* v. *Houston Natl. Bank.*, 515 F.2d 1200, 1205-1207 (5th Cir. 1975), where contentions similar to the ones made here by the plaintiff as to the effect of a default were defeated because the signature of an officer on behalf of a corporation precluded his liability in his individual capacity.

Even read liberally, the complaint, as mentioned earlier, does not state or imply that the plaintiff was relying on an oral contract or that he was seeking payment for services relating to disagreements among stockholders of Stratus or actions against the individual defendants by a former employer. It thus failed to give the defendant notice that there was a dispute about services outside "the Agreement" for which the plaintiff was seeking compensation on a legitimate legal theory.[7] See *Multi Technology, Inc.* v. *Mitchell Mgmt. Sys., Inc.*, 25 Mass. App. Ct. at 335. As stated in *Nishimatsu Constr. Co.* v. *Houston Natl. Bank*, 515 F.2d at 1206, quoting from the "the 'venerable but still definitive case' of *Thomson* v. *Wooster*[, 114 U.S. 104, 113 (1884)]: a default judgment may be lawfully entered only 'according to what is proper to be decreed upon the statements of the bill, assumed to be true,' and not . . . 'according to the prayer of the bill.' "

This conclusion is in accord with the policy considerations set forth in the Massachusetts Rules of Civil Procedure allow-

---

[7]The plaintiff's allegations of promissory estoppel fail for the same reason, namely, the complaint failed to provide the individual defendants with notice that the dispute was about personal promises of payment or for matters not within "the Agreement" rather than promises made in their corporate capacity. See *Clark* v. *Rowe*, 428 Mass. 339, 346 (1998). The plaintiff's legal argument that Hoyo and Pyle are personally liable for their promises under the "main purpose" doctrine also fails. The complaint fails to state that the individual defendants made personal promises to pay Stratus's debts. Compare *Barboza* v. *Liberty Contractors Co.*, 18 Mass. App. Ct. 971, 971-972 (1984).

ing a default judgment. Rule 54(c), 365 Mass. 820 (1974), states in pertinent part:

> "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

The theory underlying the rule is that the defendant should be able, based on the allegations of the complaint, to know what he is admitting and to make a rational decision whether to save time and effort by avoiding litigation of liability issues and proceeding directly to the assessment of damages. *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. 155, 163 (1987).[8] *Multi Technology, Inc.* v. *Mitchell Mgmt. Sys., Inc.*, 25 Mass. App. Ct. at 336-337. *Buffum* v. *Rockport*, 36 Mass. App. Ct. 377, 382 (1994). See Mass.R.Civ.P. 8(a), 365 Mass. 749 (1974). A defendant should not be taken to admit facts not fairly alleged and should not be liable on a basis other than what the complaint has given him or her cause to expect. See *Danca Corp.* v. *Raytheon Co.*, 28 Mass. App. Ct. 942, 943 (1990).

That there was, in the present case, an affidavit of the plaintiff in opposition to the defendants' motions to dismiss for lack of jurisdiction in which the plaintiff asserted that the individual defendants "assured me that I would be paid in full for my services, whether provided to Stratus or to them individually," does not change the result. The affidavit was filed for a separate purpose and should not, in fairness, be viewed as amplifying the complaint. See *Krijn* v. *Pogue Simone Real Estate Co.*, 896 F.2d 687, 689-690 (2d Cir. 1990); *B.V. Optische Industrie De Oude Delft, Oldelft N.V.* v. *Hologic, Inc.*, 909 F. Supp. 162, 167 (S.D.N.Y. 1995). Compare *Gucci America, Inc.* v. *Gold Center Jewelry*, 997 F. Supp. 399, 404-405 (S.D.N.Y.), aff'd on this issue, 158 F.3d 631, 635 (2d Cir. 1998), cert. denied sub nom. *Home Boy 2000* v. *Gucci America, Inc.*, 525 U.S. 1106 (1999) (defendants alerted by plaintiffs' specific application for statutory damages although such damages were not sought in the complaint).

---

[8]Although the court in *Scannell* was referring to the plaintiff's inability to obtain more dollars than in the ad damnum, a matter specifically mentioned in rule 54(c), we consider the same reasoning applies here by analogy.

Given the liberal policy of amendment expressed in Mass.R. Civ.P. 15(a), 365 Mass. 761 (1974), the plaintiff should have amended his complaint prior to the default. Since the issues relating to the oral contract were not tried with the consent of the parties, compare *Shawmut Bank, N.A.* v. *Chase*, 34 Mass. App. Ct. 266, 269 n.2, *S.C.*, 416 Mass. 1008 (1993), the plaintiff should not have been permitted to introduce evidence of an oral contract with the individual defendants and was not entitled under the complaint as drafted to recover against the individual defendants.[9]

2. *Liability of the defendants under plaintiff's G. L. c. 93A count.* The allegations of the c. 93A count, after incorporating previous portions of the complaint, stated:

> "Defendants solicited and accepted products and services from Plaintiff and thereby induced Plaintiff to work for Defendants and expend personal funds, all the while never intending to pay Plaintiff in total for the products provided and services performed, nor to reimburse Plaintiff for his expenditures of personal funds."

The count continued, repeating the foregoing allegations as to the conduct of the defendants, and stating that such conduct constituted "unfair or deceptive acts or practices prohibited by M. G. L. c. 93A, § 11," adding that such acts were done "wil[l-]fully and knowingly."

The judge ruled that the plaintiff had failed to present sufficient evidence that the defendants' conduct constituted an

---

[9]The judge found for the individual defendants on an alternate ground. Although at the hearing on damages, she denied the plaintiff's attempt to amend his complaint to include allegations of an oral contract, quite rightly pointing out that it would be unfair to broaden the scope of liability, she accepted, de bene, over the defendants' objections, evidence of the plaintiff's services to the individual defendants. The defendants presented evidence denying that such services were performed, and the plaintiff, after complaining of surprise, was allowed to provide evidence to the contrary. While the judge found defendant Hoyo's testimony claiming that all of such services were unauthorized incredible, she found that the parties "never reached a meeting of the minds on any oral agreement concerning matters not specified in the consulting agreement."

The amount the judge deducted from the invoices on account of services that were not within the Stratus agreement was $1,000. She did not discuss the question of quantum meruit for those services.

unfair and deceptive act in violation of G. L. c. 93A, § 11, stating, inter alia: "The evidence falls short of proving that the defendants never intended to pay Marshall for services performed or for products provided."

That ruling should not have been made. Although the last sentence of Mass.R.Civ.P. 55(b)(2), as amended, 423 Mass. 1402 (1996), set forth in the margin,[10] provides that a judge may in his or her discretion find it necessary "to establish the truth of any averment by evidence," we consider those cases persuasive which require a judge under the analogous Federal rule to give advance notice to the parties that evidence will be taken on issues of liability. *Pacheco* v. *Morales*, 953 F.2d 15, 16 (1st Cir. 1992). *Black* v. *Lane*, 22 F.3d 1395, 1398 (7th Cir. 1994). See *McGinty* v. *Beranger Volkswagen, Inc.*, 633 F.2d 226, 229 (1st Cir. 1980). The judge gave no such advance notice.

The allegation that the defendants never intended to pay for the services stated sufficient facts to constitute a claim for relief under c. 93A. *Levings* v. *Forbes & Wallace, Inc.*, 8 Mass. App. Ct. 498, 504 (1979) (if X ordered goods and services from Y and thereby induced Y to work, all the while never intending to pay for the labor and materials, Y would have a c. 93A action against X). Since an adequate statement of a claim for relief under c. 93A was stated in the count, the defendants by virtue of the default admitted the factual allegations that they never intended to pay for all the services for purposes of establishing liability. See *Multi Technology, Inc.* v. *Mitchell Mgmt. Sys., Inc.*, 25 Mass. App. Ct. at 334-335. The plaintiff, not having been given advance notice that he would be put to proof on the issue, had no burden to produce evidence as to the defendants' liability on the c. 93A count. Were the conclusion otherwise, defendants, defaulted for failing to answer, would not only be given the opportunity to litigate what had already been deemed

---

[10]The last sentence of Mass.R.Civ.P. 55(2)(b) states as follows: "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or *to establish the truth of any averment by evidence* or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by statute" (emphasis supplied).

admitted, but would be able to put the plaintiff to the same burden of proving liability as in a fully litigated case but without discovery being available to the plaintiff.

The judge's conclusion was erroneous not only as to Stratus but also as to the individual defendants. Although Hoyo and Pyle were not parties to the contract between Stratus and the plaintiff, the facts concerning the deceitful conduct of the defendants set forth as the basis of the 93A claim are distinct from those giving rise to the breach of contract claim. The § 11 claim is predicated on the tort theory of common law misrepresentation. Although acting within their authority as officers of Stratus, Hoyo and Pyle are "personally liable for their own misrepresentations made to [the plaintiff] in violation of G. L. c. 93A, § 11, even though they did not sign the agreement" in their individual capacities. *Standard Register Co.* v. *Bolton-Emerson, Inc.*, 38 Mass. App. Ct. 545, 550-551 (1995), and cases cited. *The Community Builders, Inc.* v. *Indian Motocycle Assocs., Inc.*, 44 Mass. App. Ct. 537, 560 (1998) (settled that corporate officers may be held liable under c. 93A for their personal participation in conduct invoking its sanctions).

Although the plaintiff alleged that the misrepresentations were wilful, the entitlement of a plaintiff to double or triple damages because of the wilfulness of a defendant is treated as a question relating to damages and, therefore, is not precluded by a default. See *Multi Technology, Inc.* v. *Mitchell Mgmt. Sys., Inc.*, 25 Mass. App. Ct. at 336 (while not specifically discussing the point, by implication approved a procedure in which the judge at the damages hearing considered whether the violations were wilful and thereafter awarded double damages); *Bissanti Design/Build Group* v. *McClay*, 32 Mass. App. Ct. at 471, ("punitive damages cannot be fixed without an evidentiary hearing to determine how egregious was the conduct of the defendant," citing *Flaks* v. *Koegel*, 504 F.2d 702, 706-707 [2d Cir. 1974]). See also *McGinty* v. *Beranger Volkswagen, Inc.*, 633 F.2d at 231, (suggesting that question may be viewed as relating to the amount of damages due and therefore not established by the default); Gilleran, The Law of Chapter 93A § 12:9 (1989).

3. *Plaintiff's claims under the Brody counts.* The factual allegations in these counts were that the defendants had entered

into an agreement with Brody for services, "including graphic design work associated with the product development and regulatory approval process of new drugs"; that Brody had fulfilled his obligations and the defendants had failed to pay him for services amounting to $8,366.42; and that Brody, in consideration of a payment of $4,000, assigned to the plaintiff "all of his rights and interest in the remaining account receivable of $8,366.42, including the interest thereon."

These allegations were sufficient to provide Stratus with enough information to give it notice of what the dispute was about and what legal theory gave the plaintiff a right to recover. *Multi Technology, Inc.* v. *Mitchell Mgmt. Sys., Inc.,* 25 Mass. App. Ct. at 335. Here, as in the plaintiff's own contract count, the allegations did not give the individual defendants notice that claims were being made against them personally. Although no contract was appended, the nature of the services described indicated they were intended for the corporation.

The judge ruled that "Marshall did not have the authority to bind Stratus with respect to work performed for Stratus by Brody. Therefore, Marshall is not entitled to recover for amounts assigned to him by Brody." Since the plaintiff was not given advance notice that liability on this claim would be open on the assessment of damage hearing, the judge should not have ruled as she did. Only the amount of damages remained open.[11]

The plaintiff also alleged a c. 93A claim as Brody's assignee, as set forth in the margin,[12] incorporating the assignment allegations from the contract count. For the reasons set forth in our

---

[11]That the plaintiff, claiming surprise, was permitted to introduce additional evidence in his favor did not cure the matter. The plaintiff claimed throughout that liability was not open on the assessment of damages hearing and, in the absence of advance notice, he should not have been forced to litigate the issue.

[12]The count in relevant part reads: "*Count X* [VIOLATION OF M.G.L. Ch. 93A — MISREPRESENTATION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES — ASSIGNEE]

"Plaintiff/Assignee repeats, realleges and incorporates by reference the averments and allegations contained in paragraphs one (1) through four (4) and twenty-nine (29) through thirty-five (35), as if specifically set forth here.

"Defendants solicited and accepted services from Brody and thereby induced Brody to work for Defendants, all the while never intending to pay

discussion of plaintiff's own c. 93A claim, we consider the allegations of the Brody c. 93A claim — although the assignment of the c. 93A claim could have been pleaded more specifically — sufficient to give notice to the individual defendants and to impose liability on all the defendants.

4. *Miscellaneous matters.* The plaintiff's challenges to the judge's findings on his various invoices are, except as indicated earlier as to the Brody claims, without merit.[13] The appending of invoices — the plaintiff did not even itemize the services — did not convert his claims into a sum certain within the meaning of Mass.R.Civ.P. 55(a).

The judge, noting that Stratus had filed a counterclaim for conversion of its property — drugs and laboratory reports which Marshall had kept as security for payment — ordered Marshall to return the items as the defendant did not present any evidence establishing the market value of the withheld items. Since Stratus was defaulted, the counterclaim contained in its rejected answer should not have been considered. The matter, however, related to damages. The invoices indicate that for most of these items Marshall billed a total of $6,000 as expenses.[14] If the plaintiff were to retain items of value which belong to Stratus, his damages would have to be reduced. Thus, on remand, if the plaintiff wishes to retain the property, his damages must be reduced by $6,000 and the value of the Ambix Laboratories materials, see note 14, *supra.*

The questions of when interest is to begin and on what

Brody in total for the services performed."

The count continued by stating that such conduct was in violation of c. 93A, § 11.

[13]The judge did not err in holding that Stratus was not obliged to compensate Marshall for the day spent at the initial interview with Stratus negotiating the agreement as this was prior to any written agreement or employment. This ruling was not inconsistent with the judge's allowing the plaintiff travel costs on the basis that Stratus had requested the plaintiff to come to Miami. Her deduction for time spent on a trip to India was supported by evidence that this trip was unnecessary, and the deduction of a day from the Orlando trip was supported by the plaintiff's testimony as to the time spent on travel which was not compensable under the agreement.

[14]The judge also referred to documents received from Ambix Laboratories. The record before us does not include an invoice showing a bill for this item. If the plaintiff wants to keep such documents, he must carry the burden of showing their value.

amounts it is to be calculated are not clear on the record, nor for that matter under the clause of the agreement relied on by the plaintiff. Interest on unpaid expenses, for example, is not mentioned in the clause. The judge's finding that the "plaintiff failed to put adequate evidence before the court of which amounts were paid within thirty days and which amounts accrued after what time period" is not clearly erroneous. Accordingly, her use of another provision in the contract to determine the date from which interest was to run was reasonable.

In conclusion:

1. We affirm the judgment in so far as it awards the plaintiff contract damages against Stratus. If the plaintiff wishes to retain and not return the property that he holds belonging to Stratus, $6,000 is to be deducted from his damage award. He must prove how much the property described in note 14, *supra*, is worth and such amount shall also be deducted from his damage award.

2. The individual defendants are not liable for damages on any counts other than the c. 93A counts.

3. Stratus is liable to the plaintiff on the Brody contract count and damages therefor are to be assessed.

4. The individual defendants, as well as Stratus, are liable on the c. 93A counts both as to the plaintiff's claim and Brody's assigned claim. Attorney's fees, damages, and whether such damages are to be multiplied are to be determined by the Superior Court judge.

Accordingly, the matters set forth in items 3 and 4 above and, at the plaintiff's option, the ascertainment of the value of the items retained by him, are remanded to the Superior Court for further proceedings consistent with this opinion.[15,16]

*So ordered.*

---

[15]If the plaintiff pursues the option of not returning Stratus's property, he shall inform the Superior Court and Stratus within thirty days of the issuance of the rescript.

[16]The order denying the plaintiff's motion for a new trial is affirmed.