Billings, Thomas P., J.
The defendant, served in hand, has been defaulted for failure to appear. I held a hearing today on the assessment of damages. Plaintiffs’ counsel appeared and submitted an affidavit of Ethne Gray with attachments, and an affidavit of his own on attorneys fees and disbursements. No one appeared for the defendant.
The First Amended Complaint alleges that the plaintiffs sold the defendant six photographic prints by Minor White, at a price of $14,000.00; that they consigned to him three portfolios of Alphonse Mucha, which he was to sell for $ 1200.00 apiece and for which he was to remit to the plaintiffs $800.00 apiece, for a total of $2,400.00; that the defendant entered into these agreements with no intention to perform; and that he has not performed.
The allegations of the Complaint as to liability are taken as true for present purposes, and establish the plaintiffs’ entitlement to judgment on each of the counts asserted (breach of contract, conversion, deceit, and violation of c. 93A, §2). They do not, however, establish the amount of damages, or the plaintiffs’ entitlement to multiple damages.[1] These matters must therefore be proved at the assessment hearing.
Additional materials were submitted for today’s hearing. From these, I find that the plaintiffs sent a proper demand letter under G.L.c. 93A, §9 (Ex. D to Ethne Gray’s affidavit submitted in support of plaintiffs’ motion for default judgment). I find additionally that the defendant took possession of the White prints and the Mucha portfolios on July 19, 2002, and promised payment in full for the White prints in a month (and presumably, for the Mucha portfolios, when they were sold). He sold two of the Mucha portfolios the same month and remitted the agreed-upon proceeds of $1,600.00.
Since then, the defendant has made oral and written promises of further payment. Most notably, a February 5, 2003 letter from Kayafas assured Mrs. Gray of his good intentions and stated that although he had drawn a bank check to her he then discovered that a $40,000 check to him was uncollectible, and had to redeposit the bank check to make payroll. This letter enclosed a check for $11,000, post-dated March 10, and instructed Mrs. Gray not to deposit it before then. Mrs. Gray presented the check on March 11, only to have it returned for insufficient funds.
There were subsequent demands by the Grays, and corresponding promises by Kayafas. On April 18,2007 (after this action was filed), counsel received a $3,400.00 money order from the defendant. There have been no other payments, and no return of the *322 White prints or the unsold Mucha portfolio. Mrs. Gray avers in her affidavit that she believes that when he made the promises of payment, Kayafas did not intend to fulfill them.
The plaintiffs have established their entitlement to single damages of $11,400.00 ($14,000 sale price for White prints plus $2,400 consignment price for Mucha portfolios, less $1,600 received in July 2002, less $3,400 received in April 2007 = $11,400).
The defendant’s nefarious intent is established on default for purposes of liability under Chapter 93A, but not for purposes of multiple damages. Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass.App.Ct. 667, 677 (2001). On the latter point, the evidence in and attached to the Gray affidavits does not, taken as a whole, persuade me that Kayafas entered into the contracts with an intention not to perform. Such an intent, if proved, would amount to a willful or knowing violation of Chapter 93A. See Pepsi-Cola Metropolitan Bottling Co. v. Checkers, Inc., 754 F.2d 10, 17-19 (1st Cir. 1985).
The evidence in this case, however — including Kayafas’s conduct both before and since the sale— more bespeaks a businessman who is operating one step ahead of — and eventually, behind — the bill collector, than a thief. Only single damages, therefore, are awarded.
I have reviewed the affidavit concerning attorneys fees and, applying the factors set forth in Linthicum v. Archambault, 379 Mass. 381, 388-89 (1979), award a reasonable attorneys fee of $6,000 and expenses in the amount of $474.32.
Finally, the date of breach is established in the evidence as August 19, 2002; interest shall therefore run from that date.
ORDER
For the foregoing reasons, judgment is to enter for the plaintiffs in the amount of $11,400, interest to run from August 19, 2002, together with attorneys fees and expenses in the amount of $6,474.32.

On this point, I misspoke at the hearing when I suggested the only issue open was whether the appropriate award was double or treble damages. “[T]he entitlement of a plaintiff to double or triple damages because of the wilfulness of a defendant is treated as a question relating to damages and, therefore, is not precluded by a default.” Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass.App.Ct. 667, 677 (2001)