Agnes, Peter W., J.
1. Introduction. This matter came before the court on the plaintiffs motion for an assessment of damages under Mass.R.Civ.P. 55(b)(2). In its complaint, the plaintiff sought damages for an alleged deficiency following the repossession and sale of leased equipment. The plaintiffs motion is accompanied by an “Affidavit of Debt” in which it is asserted that based on the books and records of the original lessor, defendant Jupiter Leasing Corp. (hereafter “Jupiter”) leased a Hitachi Excavator machine from an entily which later assigned the lease to the plaintiffs predecessor. Jupiter defaulted on its lease payments after paying $30,000. The defendant Robert F. Grenier guaranteed said lease pursuant to a continuing guarantee. The affidavit also alleges that plaintiffs predecessor “repossessed and sold said Excavator in compliance with applicable state laws and in accordance with the terms of said lease.” Finally, the affidavit indicates that based on the sale of the asset and the payments made by Jupiter, there is a deficiency of $107,407.92 through the date of judgment plus interest and costs. The amount of the alleged deficiency was contained in the plaintiffs original complaint to which the defendants responded by filing an answer in which they denied the allegation that there was a deficiency. On or about February 9, 2010, the defendants were defaulted in open court for failing to appear for a scheduled conference.
2. Court’s reasoning. The defendant relies on Shawmut Bank N.A. v. Chase, 34 Mass.App.Ct. 266, S.C. 416 Mass. 1008 (1993), for the proposition that in a case in which a plaintiff seeks a judgment against a defaulted defendant to satisfy a debt arising from an installment sales contract in which the debtor made partial payment of its underlying contractual obligation and the collateral was sold leaving an outstanding deficiency that there is always a rebuttable presumption that the sale of the collateral satisfied the debtor’s obligation. The defendant misreads the Shawmut Bank case. The so-called rebuttable presumption arises only “where the creditor has failed to live up to the requirements of the Uniform Commercial Code (Code) in selling the debtor’s assets.” Shawmut Bank, 416 Mass. at 1009, citing Shawmut Bank, 34 Mass.App.Ct. at 271. There is no evidence to suggest that the creditor did not follow the requirements of law in selling the collateral.
3. In Shawmut Bank, the Appeals Court recognized the settled principle that when a parfy defaults the question of liability is foreclosed, but not the question *284 of damages. See Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 834-35 (1978). The further question is how are the damages to be determined. In Shawmut Bank, the Appeals Court explained that,
Generally, a guarantor’s liability with respect to the principal sum due and interest is “for a sum certain or susceptible of mathematical calculation,” National Grange Mut. Ins. Co. v. Walsh, 11 Mass.App.Ct. 155, 158 (1989), and no evidentiary hearing is required. Contrast ibid.; Bissanti Design/Build Group v. McClay, 32 Mass.App.Ct. 469, 470 (1992) (where claims are not for liquidated amount, plaintiff is required to establish extent of its damages). No hearing would ordinarily be required even if the total amount of the debt was to be reduced because of the sale of assets held as security. This is so because, in such circumstances, the amount due would still be capable of ascertainment from the bank’s records.
Shawmut Bank, 34 Mass.App.Ct. at 269. The problem that led the Appeals Court in Shawmut Bank to remand the matter for an evidentiary hearing was that knowledge of the fact that the collateral had been sold and that a deficiency existed surfaced for the first time at the assessment of damages hearing.
Shawmut’s complaint set forth the amount due as $9,545,566.80, without making reference to the sale of any assets, and without taking account of any such sales in its demand. The failure to answer, therefore, could not be construed as an admission by Chase of the propriety of the sales. Further, the issues of fact and law which Chase was seeking to raise, and which had not been conceded by failure to answer the complaint, directly affected the damages to which Shawmut would be entitled. Those issues were open, therefore, for the purpose of assessing the damages.

Id.

4. The present case, on the other hand, is a suit for the deficiency. The plaintiff included the facts that the collateral had been sold and that a deficiency existed in its complaint and supplied the defendants with the details of the deficiency. The defendant answered that complaint and thereafter defaulted. The defendants had an opportunity to challenge the commercial reasonableness of the plaintiffs conduct in the original litigation. Thus, in the present case, unlike in Shawmut Bank, the defendant guarantor had notice and an opportunity to dispute the commercial reasonableness of the sale of the collateral before the default. Even if Massachusetts law generally places the burden of proof with respect to commercial reasonableness on the creditor, see Shawmut Bank, 34 Mass.App.Ct. at 270, and Massachusetts law does not allow contractual waivers of the defense of commercial reasonableness, Shawmut Bank, 34 Mass.App.Ct. at 269-71, a guarantor should be deemed to have waived the right to assert the defense of lack of commercial reasonableness by its conduct in defaulting after notice that the plaintiff seeks damages for a specifically defined deficiency, or, in the alternative the guarantor should bear the burden of coming forward at the assessment of damages hearing with credible evidence that the sale of the collateral was not commercially reasonable. This result is entirely consistent with the view taken by the Supreme Judicial Court in upholding the decision of the Appeals Court in Shawmut Bank. Because the defendant presented no credible evidence that the sale of the collateral was not commercially reasonable and offered no evidence to dispute the reasonableness of the evidence presented by the plaintiff on the issue of attorneys fees, the plaintiffs motion should be allowed.
ORDER
For the above reasons, the motion for an assessment of damages is ALLOWED and damages are assessed in the amount requested by the plaintiff.