Coven, J.
After a jury-waived trial, joint and several judgment was entered against defendants Stephen Joseph Associates, LLC, Joseph M. Pelich, as trustee of Lot #2 Russell Street Nominee Trust, and Franklin Pierce, LLC in the amount of $17,598.34, plus interest and costs, on both the plaintiffs contract claim and its quantum meruit claim.[3] The plaintiff filed this Dist./Mun. Cts. R. A. D. A, Rule 8A expedited appeal of the trial court’s denial of the plaintiffs motion to amend the judgment to award legal fees as provided in the contract.
The trial judge’s written findings indicate that the plaintiff supplied and installed wood flooring in homes constructed by Stephen Joseph Associates, LLC between December of 2006 and January of 2009. On January 10,2009, the parties entered into a contract for the plaintiff’s installation of new flooring at a construction project located in Peabody and owned by Joseph Pelich as Trustee of the Lot #2 Russell Street Nominee Trust. Franklin Pierce, LLC was the beneficiary of that trust. The contract price was $17,598.34. The trial judge found that the plaintiff fully performed.
Following the entry of judgment in the single damages amount of $17,598.34, the plaintiff timely filed a motion to amend the judgment to include an award of attorney’s fees. The motion referenced a contract that was attached to the plaintiff’s complaint. Paragraph “s” of that contract provided that, in addition to any balance owed, *203 the defendants agreed to pay the plaintiffs legal fees in the event that the plaintiff retained legal counsel to enforce the contract. The trial judge denied the plaintiffs motion to amend, ruling that “[ajlthough I find that a contract existed upon various documents including estimates and invoices received by the defendants, the defendants did not sign the contract that contains the provision for attorney’s fees in the event of a lawsuit. The plaintiff must bear his own cost of litigating this matter” (emphasis in original).
On this appeal, the plaintiff emphasizes the judge’s finding that the defendants did not sign the written contract, which the plaintiff contends is the contract between the parties. It is correct that “ [a] written contract, signed by only one party, may be binding and enforceable even without the other party’s signature if the other party manifests acceptance.” Haufler v. Zotos, 446 Mass. 489, 498-499 (2006). In the circumstances of this appeal, however, we determine that the plaintiff has misread the judge’s ruling on its motion to amend the judgment. The trial judge determined that a contract was evidenced through “various documents including estimates and invoices received by the defendants.” That is, the contract that the trial judge found to have existed was not the contract that the plaintiff asserts was the operative document, which was not signed. The only provision for attorney’s fees included in the record before us was set forth in that unsigned document, which was not the contract between the parties.
The plaintiff has not included in its expedited appeal record the other documents that were presented at trial. We are not in a position, therefore, to consider whether the judge was in error in finding that those documents, which presumably did not provide for the recovery of legal fees in the event of default, were the documents that formed the contract upon which damages were awarded.[4]
The denial of the plaintiff’s motion to amend the judgment to include attorney’s fees is affirmed. Appeal dismissed.
So ordered.

 We need not be concerned in this case with the rule that “ [i]f the plaintiff is entitled to recover on a contract, he cannot recover in quantum meruit.” Marshall v. Stratus Pharms., Inc., 51 Mass. App. Ct. 667, 670 n.6 (2001). The purpose of the rule is to prevent double recovery. Szalla v. Locke, 421 Mass. 448, 454 (1995). Although the trial judge found for the plaintiff on both theories of recovery and in the amount entered as judgment, the single damages award reflects the court’s intention that the plaintiff would not recover duplicative damages.

 The plaintiff has not argued that this finding by the trial judge was clearly erroneous.