Ricciardone, David, J.
This matter came before the court for entry of judgment and assessment of damages after the defendant JPMorgan Chase Bank, N.A. was defaulted pursuant to Mass.R.Civ.P. 55(a).[1]
“As stated in Multi Technology, Inc. v. Mitchell Mgmt. Sys., Inc., 25 Mass.App.Ct. 333, 334-35 (1988), citing Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. at 833-35, ‘Upon default under Mass.RCiv.P. 55(b), 365 Mass. 822 (1974), the factual allegations of a complaint are accepted as true for purposes of establishing liability; the question whether an adequate statement of a claim for relief has been made, however, remains open... The question of a complaint’s sufficiency turns on whether it provides enough information to give the defendant notice of what the dispute is about and asserts a right to recovery cognizable on some acceptable legal theory.’ Marshall v. Stratus Pharms., Inc., 51 Mass.App.Ct. 667, 670-71 (Mass.App.Ct. 2001). Here, the plaintiff alleges that the defendant controlled the property on which he was hurt. The complaint states an adequate claim for relief.
This court has considered the pleadings, written submissions of the plaintiff in support of this motion (including UMass Memorial Medical records), and the plaintiffs testimony taken at the hearing of this matter. The following findings are based on those sources.
Mr. Orell was lawfully on the property involved here on March 18, 2010 after the defendant foreclosed. He was injured due to the collapse of a spiral staircase that was negligently maintained. Fortunately for the plaintiff, he was not very high up on the stairs and his injuries, although significant, could have been much worse.
The plaintiff testified in a straightforward, and credible fashion. At the time of his fall, he was in his late forties and was employed removing/hauling trash. Alihough he suffered trauma to his back, neck and left leg in the incident, he sustained the worst injury to his right hand where the tip of his middle finger was severed. This resulted in surgery and weeks of physical therapy. As one would expect, the pain was debilitating in the aftermath of the injury and required medication for a period of at least two weeks. The medical bills reasonably related to his injuries amount to $15,924.02.
As a result of the partial amputation, Mr. Orell has a permanent disfigurement of the right middle finger. The undersigned got a close look at the wound. It is now healed, of course, but the finger is missing the top three-fourths of an inch or so, where the nailbed should be. Over the course of the past two years since the injury, there has been substantial improvement, but he still has significant numbness and pain especially in bad weather. He has had to find ways to adapt to the activities of daily living that he can no longer perform as well as *531 before. These obviously include any tasks that require fine manipulation of the hand, such as tying his shoes or withdrawing pocket change. In spite of the many ways in which the use of his right (dominant) hand has been impaired, he still is able to work. I find this to add to his credibility. He did not embellish his injuries or prolong his treatment or recovery.
Based on all of the foregoing, the court assesses damages for the plaintiffs past and future pain, suffering and disfigurement at seventy-five thousand dollars ($75,000.00). To this sum shall be added his medical bills in the amount of $15,924.02. I find his costs to be $436.02 which shall also be awarded.
ORDER
Judgment shall enter in favor of the plaintiff against the defendant JPMorgan Chase Bank, N.A., in the amount of Ninety Thousand Nine Hundred Twenty-four Dollars and Two Cents ($90,924.02) with statutory interest thereon and costs in the amount of $436.02.

The case against the individual defendant was dismissed voluntarily.